## Asa M. Cook & others *vs.* City of Boston.

Money charged by a city for a wagoner's license, and paid with full knowledge of the facts, will be deemed to have been paid voluntarily, though paid under protest, and cannot be recovered back.

Contract brought to recover the sum of $360, being the amount demanded and received by the defendants of the plaintiffs for licenses for twelve wagons, at ten dollars each, in each of the years 1858, 1859 and 1860, with interest.

At the trial in the superior court, before *Rockwell,* J., without a jury, it appeared that licenses were granted to the plaintiffs for wagons to stand at designated places in streets of Boston, and that the sums alleged in the declaration were paid by the plaintiffs to the defendants each year under protest. The licenses severally contained a statement that they were granted on the payment of ten dollars each. The plaintiffs contended that the defendants had no right, under the city ordinances, to exact more than one dollar for each license.

The judge ordered a *pro forma* verdict for the defendants, and reported the case for the determination of this court.

*A. K. P. Joy,* for the plaintiffs.

*J. P. Healy,* for the defendants.

Dewey, J. We perceive no ground for maintaining this action. The payment was made with full knowledge of all the facts in the case, and ignorance of the law, if it existed, will not give the plaintiffs a right of action, they having made the payment voluntarily, and not under compulsion. These principles are familiar, and have been often applied. *Benson* v. *Monroe*

7 Cush. 125.  *Forbes* v. *Appleton*, 5 Cush. 115.  *Brisbane* v. *Dacres*, 5 Taunt. 144.

The present case is entirely different from that of a payment to a tax collector clothed with legal process to enforce payment, and where the party has no day in court to be heard on his defence, before the levy of a warrant of distress.

The plaintiffs here voluntarily sought and obtained a privilege, and enjoyed it during the term of their license.  They elected to take it, knowing that the city claimed therefor the sum they paid, as the just and proper sum to be paid therefor. They could have been subjected to no penalties for breach of the by-laws of the city in the use of their wagons, without a full opportunity to contest their legality.  Their case is not one where the money can be recovered back on the ground of duress.

The fact that the money was paid to the defendants under protest does not affect the case, where the payment was made under circumstances like the present.

*Judgment on the verdict for the defendants.*