FREDERICK AWALT *vs.* THE EUTAW BUILDING
ASSOCIATION, NO. 4.

*Voluntary payment.*

No action will lie to recover back money voluntarily paid with a full
knowledge of the facts and circumstances under which it was demanded,
though the payment may have been made under a protest.

APPEAL from the Court of Common Pleas.

This was an action of *assumpsit* brought by the appellant, to recover from the appellee an alleged over-payment, made under the circumstances set forth in the opinion of the Court.

*Exception:* The plaintiff prayed the Court to instruct the jury as follows:

If the jury find from the evidence that the plaintiff borrowed from the defendant the sum of $3,000, and paid to it, on account thereof, $807.50, leaving due $2,192.50, and that in order to obtain a release of the mortgage given to secure the sum so loaned, he was compelled to pay, and did pay, on account of the said indebtedness, the sum of $2,515.90, he is entitled in this action to recover the difference between such sums, viz: $323.40, with interest thereon from the 20th of February, 1869, the date when such payment was made.

The defendant offered the following prayer:

If the jury shall find from the evidence, that the plaintiff was a member of the Eutaw Building Association, No. 4, the defendant in this cause, to which he had mortgaged certain property, and that to obtain a release of said mortgage, he did, on or about the 20th of February, 1869, pay to said association the sum of $2,515.90, (of which the sum claimed in this action, to wit: $323.40, was a part,) which amount was demanded of him by said association as a matter of right under the provisions of the mortgage; and if they shall further find that the attention of the plaintiff was directed to

said alleged over-charge before payment, and that although he believed and asserted that it was not a proper charge, yet, for reasons satisfactory to himself, and without any fraud on the part of the defendant or its agents, afterward assented to and paid the same, then they must find for the defendant.

The Court rejected the plaintiff's prayer and granted the prayer of the defendant. The plaintiff excepted, and the verdict and judgment being against him, he appealed.

The cause was agued before BARTOL, C. J., BRENT, GRASON, ALVEY and ROBINSON, J.

*John H. Ing,* for the appellant.

*Joseph S. Heuisler,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The appellant having executed a mortgage to secure the payment of $3,000 loaned by the appellee, made application to have the property released from the effect and operation of said mortgage. As a condition precedent to the execution of said release, the appellee demanded of the appellant the payment of the sum of $2,515.90, claiming the same to be due under the mortgage. To the payment of this sum the appellant objected, alleging that there was only due on account of said mortgage, $2,192.50, but, in order to have the property released, with full knowledge of the facts, and without any allegation of fraud on the part of the appellee, he paid the full amount thus demanded, and this suit is brought to recover the sum of $323.40, the alleged over-payment.

In *Lester vs. Mayor and City Council of Baltimore,* 29 *Md.,* 415, this Court said : " No principle is better settled than that where a person, with full knowledge of the facts, voluntarily pays a demand unjustly made upon him, though attempted or threatened to be enforced by proceedings, as appears to have been the case in this instance, it will not be considered as paid

by compulsion, and the party thus paying is not entitled to recover, though he may have protested against the unfounded claim at the time of payment made."

And in *Mayor, &c. of Baltimore vs. Lefferman*, 4 *Gill*, 425, after a full review of the authorities, it was held, " that a payment is not to be regarded as compulsory unless made to emancipate the person or property from an *actual* and *existing duress imposed upon it by the party* to whom the money is paid. A payment, say the Court, made under the *apprehension*, or *even menace of an impending distress warrant*, would not render it a payment by compulsion."

There is nothing in the case before us to exempt it from the operation of the well-established principles thus laid down and recognized by this Court. It cannot be pretended that the payment was made by the appellant under *compulsion* or *duress*. If the appellee demanded a larger sum than was due on the mortgage, the Courts were open to the appellant, and there the question could be heard and determined. If he preferred to pay the demand thus made, rather than resort to litigation, no action will lie to recover it back.

Finding no error in the rulings of the Court below, the judgment will be affirmed.

*Judgment affirmed.*

(Decided 13th June, 1871.)