COMM'RS OF WABAUNSEE CO. v. THADDEUS H. WALKER.

VOLUNTARY PAYMENT; *When it cannot be recovered back.* Where a party pays an illegal demand with a full knowledge of all the facts which render such demand illegal, without an immediate and urgent necessity therefor, unless to release his person or property from detention, or to prevent an immediate seizure of the same, such payment must be deemed to be voluntary, and cannot be recovered back; and the fact that the party at the time of making the payment files a written protest does not make the payment involuntary.

*Error from Wabaunsee District Court.*

ACTION brought by *Walker* against *The Board of County Comm'rs of Wabaunsee Co.* to recover the sum of $474.36, paid to the treasurer of Wabaunsee county as interest on delinquent taxes. The defendants demurred. The facts are fully stated in the opinion. The district court, at the November Term, 1867, overruled the demurrer, and gave judgment in favor of the plaintiff for the sum claimed and interest, amounting to $568.24. The *Board of Commissioners* bring the case here on error.

*N. H. Whittemore,* county attorney, and *A. H. Case* and *M. H. Case,* for plaintiffs in error:

Two questions arise: 1st, Can the defendant in error recover money paid under such circumstances as are shown in this case? and 2d, Should not the defendant have first presented his claim for allowance to the county commissioners, and if disallowed, appeal to the district court?

1. As to the first question: The sale was to the county; the land undisposed of; no attempt or threat made to do so. There was no immediate or urgent necessity for the payment. It was not made to preserve the land of defendant. The assessment of the tax is admitted to have been legal, and the only claim was an *excess* of interest charged up. The defendant Walker could, by paying the lawful tax, penalties, charges, and interest, or tendering the same, have prevented the plaintiff from law-

fully casting any cloud upon his title. The contingency that the county might execute unlawfully a tax deed, cannot enter this case. Suppose the next day after he paid his taxes and received his certificate of redemption, the treasurer should deny payment, dispute the genuineness of the certificate, and demand payment again, and he should pay it the second time under written protest, would the court order the repayment of the money? The added excess of interest was the act of the *treasurer*, and Walker was no more bound to pay that excess than to pay in the case supposed. A payment in either case, with a full knowledge of all the facts, although under protest, cannot be recovered back, because it is a *voluntary* payment. That the money was paid with a full knowledge of all the facts is not denied; but it is claimed that it was not paid voluntarily. Why not? If I ask A. B. to pay me one hundred dollars, claiming that he owes it, without any undue advantage, and he pays it, although he files a written protest with the money, is not that a "voluntary payment?" 5 Kas., 412; 1 Ohio St., 535. The California case, 16 Cal., 169, is not applicable because that decision was based upon an *illegal assessment.* The case in 11 Ohio St., 534, decides nothing, except that if the *tax* was legal it could not be recovered back.

2. As to second proposition: The statute provides that Walker should make out his account, itemize it, verify the same, and present it to the board of county commissioners. The word "account," in the section, (§ 28, p. 259, Gen. Stat.,) is sufficiently broad to cover all demands against the county. This law established a new rule, and should have been followed. The tax law of 1862, (Comp. Laws, p. 873, § 69,) in force when this payment was made, provided an additional and special rule by which Walker was required to present his account to the commissioners for allowance within two years after payment. This he should have done, and if disallowed, appealed to the district court. Where a new right is given by statute, and a remedy provided, the party is strictly confined to this remedy. 30 Penn. St., 227; 7 Hill, 575; 6 Pick., 100; 14 Ohio St., 64; 2 Dutch, 398; 10 Wis., 370; 14 Iowa, 296; 6 Ind., 165.

*Martin & Burns*, for defendant in error:

1. It is admitted by plaintiff in error that the money paid by Walker was exacted by the treasurer of said county, and paid to him by said defendant, under his written protest, for the purpose of releasing and redeeming his lands from tax sale. We claim the rule of law to be, that when an officer in the performance of his official duties exacts and receives money on illegal demands of any kind, under a pretense of official duties, a payment under such circumstances made under protest is *involuntary*, and an action will lie to recover the same back from the treasurer, or from the county if paid over by the treasurer, as in this case. See 11 Ohio St., 534; 16 California, 170; 2 Greenl. Ev., § 121; 6 Peters, 8.

2. We think it was not necessary for the defendant in error to present his claim for allowance to the plaintiff; and had he done so and appealed to the district court said court would not thereby have acquired jurisdiction of the case. Walker's claim for money paid upon an illegal demand made by the county treasurer is not within the class required to be submitted to the board of county commissioners, hence they would have no jurisdiction of the matter, and their action would be void. 11 Ohio St., 190; 6 Hill, 244.

The opinion of the court was delivered by

VALENTINE, J.: The defendant in error brought an action in the court below to recover from the county of Wabaunsee a certain sum of money which he claims to be due to him under the following circumstances: Certain lands lying within said county belonging to said Walker were sold for the taxes for the year 1860, and the taxes for the years 1861, 1862, and 1863 were subsequently entered on the book of tax sales as provided by law. In 1864 Walker redeemed a part of said lands from said taxes, and in 1865 he redeemed the balance. The treasurer of said county, at the time of said redemption charged and collected from Walker interest on said taxes at the rate of fifty per cent. per annum. Walker paid the same under a written protest filed

at the time with said treasurer, claiming that the interest should be only at the rate of twenty-five per cent. per annum, and not fifty per cent. as charged by the treasurer. It seems to be admitted now by all parties that Walker was correct; that the interest should have been only at the rate of twenty-five per cent. per annum.

These facts were presented to the court below by the petition of the said Walker. The county by its counsel demurred to said petition on the ground that the same did not state facts sufficient to constitute a cause of action. The court overruled said demurrer and rendered judgment for Walker. This judgment the county claims was erroneous, and this court is now asked to reverse the same. Upon these facts the counsel for the county presents two questions for our consideration: First, Can the defendant in error (Walker) recover back money paid under such circumstances? Second, Should not the defendant in error have first presented his claim for allowance to the county commissioners, and if disallowed then appealed to the district court?

The first question has been substantially decided as we think in the case of *Phillips v. Jefferson Co.*, 5 Kas., 412. It is true that the facts in that case differ in some respects from the facts in this; but the principle running through the two cases is substantially the same. In that case "money was paid to redeem lands sold for taxes which were at the time they were assessed and taxed Indian lands and not liable to assessment and taxation, and at the time said money was so paid the then owner of the lands denied the legality of the taxes on the ground that the lands were not taxable, and paid the money to prevent tax deeds which were then due from being made for such lands;" and it was held by the court "that such payment was *voluntary*, and could not be recovered back." The rule governing cases of this kind has been laid down in Ohio as follows: "To make the payment of an illegal demand involuntary" when the party is advised of all the facts, "it must be made to appear that it was made to release the person or property of the party from detention, or to prevent a seizure

of either, by the other party having apparent authority to do so without resorting to an action at law." *Mays v. Cincinnati*, 1 Ohio St., 268, 278. And the same rule has been laid down in Massachusetts, as follows: " If a party with full knowledge of all the facts of the case voluntarily pays money in satisfaction or discharge of a demand unjustly made on him, he cannot afterwards allege such payment to have been made by compulsion, and recover back the money, even though he should protest at the time of such payment that he was not legally bound to pay the same." *Boston & Sandwich Glass Co. v. Boston*, 4 Metc., 181, 187, 188. In England the rule has been laid down as follows: " Where a voluntary payment was made of an illegal demand, the party knowing the demand to be illegal, without an immediate and urgent necessity, (or, as expressed by Mr. Bancroft, unless to redeem or preserve your person or goods,) it is not the subject of an action for money had and received." *Fulham v. Down*, 6 Espinasse, 26, per Lord Kenyon. In Maryland it has recently been decided that " No action will lie to recover back money voluntarily paid with a full knowledge of the facts and circumstances under which it was demanded, though the payment may have been made under a protest." *Awalt v. Eutaw Building Association*, 34 Md., 435.

Counsel for defendant in error refer us to the case of *Baker v. Cincinnati*, 11 Ohio St., 534. Baker was engaged in the business of giving theatrical exhibitions in the city of Cincinnati. The city passed an ordinance requiring the proprietors of such a business to take out a license. The license was $62.50, which Baker paid, together with one dollar fee to the officer issuing the same. Baker protested at the time against paying the $63.50, claiming that it was illegal, and afterwards sued the city to recover it back. The supreme court of Ohio held that it was not illegal, and that he could not therefore recover the same back. We suppose that that was really an end of the case. But the supreme court went further and declared that if *the tax for the license had been illegal* then Baker could have recovered the $63.50 he paid therefor back.

There cannot be much weight attached to such a decision, for the decision was not necessary in the case. But still the decision is probably correct. There seems to have been an immediate and urgent necessity for him to obtain the license or stop his business at perhaps great loss. If he continued his business without taking out a license he run the risk of being prosecuted criminally for a violation of the city ordinance.

We have also been referred by counsel for defendant in error to the case of *Falkner v. Hunt*, 16 Cal. 167. The law as laid down in that case may be good law in California. And so far as the facts of that case are reported, the decision may not only be correct in California, but might also be correct in Kansas. In that case the action was brought to recover of the defendant who was a tax collector a sum of money for taxes illegally assessed and paid by the plaintiff under protest. Whether the tax collector had levied a warrant on the plaintiff's property and taken the property into his possession, or was about to levy upon and seize the plaintiff's property, is not stated. In either case the plaintiff would have a right to pay the taxes under protest and then recover the amount back. The case of the *U. S. Bank v. The Bank of Washington*, 6 Peters, 8, referred to by counsel for defendant in error, is rather against the defendant in error than in his favor.

A correct statement of the rule governing such cases as this would probably be as follows: Where a party pays an illegal demand with a full knowledge of all the facts which render such demand illegal, without an immediate and urgent necessity therefor, or unless to release his person or property from detention, or to prevent an immediate seizure of his person or property, such payment must be deemed to be voluntary, and cannot be recovered back. And the fact that the party at the time of making the payment files a written protest does not make the payment involuntary. For the reasons for this rule we refer to the authorities already cited, and also refer to the argument made in the brief of counsel for plaintiff in error.

In the present case neither the person nor the property of

Walker stood in any immediate danger. There was no immediate necessity for him to pay said illegal interest. The tax-sale certificates were still held by the county, and while so held, according to the decisions of this court, no tax deed could ever be executed; (4 Kas., 388, 415; 5 Kas., 625.) And there does not seem to have been any danger of an immediate transfer of said tax-sale certificates. If Walker had tendered to the treasurer the proper amount to redeem his lands from said taxes, and if the treasurer had then refused to issue to him certificates of redemption therefor, Walker would have had an ample remedy without paying said illegal interest. He could have restrained by injunction the transfer of the tax-sale certificates, or the execution of tax deeds if there had been any danger of the same being done, and he could have compelled by mandamus the treasurer to issue to him certificates of redemption. Under such circumstances the payment of said illegal interest was purely voluntary on the part of Walker. He had his choice, and if he refused to pay the same he was in no danger of losing anything provided he resorted to the legal remedies that were open to him. Having voluntarily paid said illegal interest, knowing the same to be illegal, he cannot now recover it back. ·

Having decided the first question in favor of the plaintiff in error, it is deemed unnecessary to decide the other question.

The judgment of the court below is reversed, and the cause remanded for further proceedings. All the Justices concurring.