BEXAR BUILDING AND LOAN ASSOCIATION v. AMANDA ROBINSON.

No. 6505.

1. **Usury—Right to Recover Money Paid in Usury.**—Money paid in excess of lawful stipulated interest may be recovered, although such payment be voluntarily made.

2. **Same—Basis of Recovery.**—The contract upon which the usurious interest was paid calling for over 12 per cent per annum, the measure of the recovery would be the difference between the debt with 12 per cent interest added and the amount of the payments made thereon, computed as partial payments upon such debt.

APPEAL from Bexar. Tried below before Hon. G. H. Noonan. The opinion states the case.

*P. H. Ward* and *Mason & Summerlin,* for appellant.— 1. The interest having been voluntarily paid upon the alleged usurious contract can not be recovered back after the contract has been executed, in the absence of a statute authorizing its recovery, it being the same as money paid on any other invalid contract. Saylor v. Daniels, 37 Ill., 331, and cases cited; Smith v. Stoddard, 10 Mich., 148; New Eng. Mort. Co. v. Aughe, 11 N. W. Rep., 753, and cases cited; Phillips v. Gephart, 5 N. W. Rep., 683; Cornell v. Smith, 6 N. W. Rep., 490; Shelton v. Gill, 11 Ohio, 417; Mills v. B. & L. Assn., 75 N. C., 292; Latham v. B. & L. Assn., 77 N. C., 145; Parker v. B. & L. Assn., 46 Ga., 166; Mitchell v. Lyman, 77 Ill., 525; Palen v. Johnson, 46 Barb., 21; Hadden v. Innes, 24 Ill., 381; Tyler on Usury, 429; 7 Wait's Act. and Def., 626, 632, and authorities cited; Stephens v. Bank, 111 U. S., 199.

2. Our statute, article 2979, declaring the contract "void and of no effect for the whole rate of interest only" must be construed to render the contract voidable as to the interest, and when the interest has been paid and the contract executed it can not be recovered back. Ewell v. Baggs,

108 U. S., 143, 149; Mfg. Co. v. Curtis, 1 W. & W., 405; Hemphill v. Watson, 60 Texas, 683; McLaughlin v. Cosgrove, 99 Mass.

3.   The statute, article 2981, gives the right to a party to plead usury only as a defense to an action on the usurious contract, and it does not authorize nor permit an independent action for the recovery of usurious. interest voluntarily paid.   Hadden v. Innes, 24 Ill., 381; Walsh v. Mayer, 111 U. S., 31; Carter v. Carusi, 112 U. S., 478; Tyler on Usury, 425.

4.   As the petition showed that the contract had been executed and all moneys due on it had been voluntarily paid, and as it failed to allege any reason why such settlement should be reopened, the demurrers should have been sustained.   Gilliam v. Alford, 69 Texas, 267.

5.   The court erred in allowing the plaintiff to recover back any interest after a final settlement of the contract, in which settlement the plaintiff had participated in and received the profits which her shares of stock had earned, said profits being made up in part from the premium and interest paid by plaintiff.   Endl. on Build. Assns., secs. 360, 361; Latham v. Build. and Loan Assn., 77 N. C., 145; Parker v. Build. Assn., 46 Ga., 166.

6.   If the common law rule applies and the appellee be entitled to recover any part of the interest paid on the contract after it had been completed, she can recover only the excess over 12 per cent, the highest rate for which parties may contract, for the contract can not be usurious unless the interest exceeds that rate.   Smith v. Stoddard, 10 Mich., 148; 2 Pome. Eq. Jur., sec. 937, note; 1 Suth. on Dam., 562, 568, note; Tyler on Usury, 421, 422; 5 Bacon's Abridg., title Usury; Story Eq. Jur., 453.

7.   The court erred in finding the transaction between the parties to be a loan of money instead of a building contract, because the evidence shows that the amount of the indebtedness mentioned in the contract, viz., $4800, is the consideration or price for the construction of the house to be built by the defendant association.   Graeme v. Adams, 23 Gratt., 225; Hogg v. Rufner, 1 Black, 118; Van Pelt v. Build. and Loan Assn., 4 S. E. Rep., 501; Askin v. Lebus, 4 S. W. Rep., 305; 55 Am. Dec., 393; Tyler on Usury, 95; Smith v. Marvin, 27 N. Y., 137; 8 Wait's Act. and Def., 597.

*Tarlton & Keller,* for appellee.— 1.  Both at common law and in equity an action will lie to recover back payments of usurious interest.   If the contract be executed the court will give judgment for the excess over the principal and legal interest.   1 Story's Eq. Jur., sec. 302, *et seq.;* 1 Fonbl. Eq., ch. 1, note h; 2 Pome. Eq. Jur., secs. 937, 941, 942, p. 459, note 1; Bisph. Prin. of Eq., sec. 222; Pars. on Con., pp. 127 (note t), 128; Endl. on Build. Assns., sec. 359; 7 Wait's Act. and Def., 630; Tyler on Usury, p. 421, *et seq.;* Wheaton v. Hibbard, 20 Johns., 290; Tiffany v. Sav. Inst., 18 Wall., 375; Davis v. Garr, 55 Am. Dec., and notes.

2. Payments of usurious interest, even with full knowledge of the fact by the borrower that such exaction is unlawful, are not such voluntary payments as will preclude suit for recovery of the same at the instance of the borrower. 1 Story's Eq. Jur., sec. 302; Endl. on Build. Assns., sec. 359; Tyler on Usury, p. 421, *et seq.;* Ware v. Bennett, 18 Texas, 794; Scholten v. State, 51 Ind., 52.

3. The fact of receiving usury is of itself sufficient proof that duress was had. Cool. on Torts, pp. 506, 507; Endl. on Build. Assns., sec. 359; Tyler on Usury, p. 423; Philanthropic Assn. v. McKnight, 35 Pa. St., 470; Ware v. Bennett, 18 Texas, 794.

4. Money paid on an usurious contract in excess of the amount bona fide due from the borrower to the lender, viz., the actual amount loaned and the legal rate thereon, is the money of the borrower, and is held for the use of the debtor. Heath v. Page, 63 Pa. St., 108; Earnest v. Hoskins, 100 Pa. St., 551; Campbell v. Sloan, 62 Pa. St., 481; Overholt v. Bank, 82 Pa. St., 490; Walter v. Briesch, 86 Pa. St., 457; Scott v. Leary, 34 Md., 389.

5. Unless expressly or by necessary implication repealed, the common law of England is in force in this State; and where the statute gives a remedy without a negation of the common law remedy, either express or implied, or where the legislative remedy only extends to a part of the subject and is not inconsistent with the remainder, such statute is cumulative as to that part of the matter legislated upon, and is not a limitation of the common law remedy within the terms of such statute. Rev. Stats., art. 3128; Tyler on Usury, pp. 422, 423, 425; Porter v. Mount, 41 Barb., 561; Wheaton v. Hibbard, 20 Johns., 290; Butterworth v. O'Brien, 23 N. Y., 275; Howley v. Cook, 8 Ire. Eq., 571.

6. Interest can not be charged on premium unless under express statutory sanction. It is essentially usurious. 2 Am. and Eng. Encyc. of Law, p. 731, note 5; Endl. on Build. Assns., sec. 398; Cassidy v. Jackson, 68 Texas, 282.

7. It is entirely immaterial in what manner, form, or on what pretense usurious interest is taken. Courts will disregard the form and will examine into the real nature of the transaction. If there be in fact an usurious loan, no device will protect it. 7 Wait's Act. and Def., 611; Cassidy v. Jackson, 68 Texas, 282; Warren's Appeal, 2 Cent. Rep., 517; 1 Jones on Mort., sec. 639; Herm. on Chat. Mort., sec. 105; Smith v. Glanton, 39 Texas, 365; Ware v. Bennett, 18 Texas, 806.

8. A member of a building association organized as appellant has dual, distinct characters therein as borrower and stockholder, and participation in the profits as a stockholder can not destroy the evil in a contract for a loan to such stockholder in which usurious interest is stipulated for. Cassidy v. Jackson, 68 Texas, 282; 2 Am. and Eng. Encyc. of Law, 613; Endl. on Build. Assns., sec. 335.

9.   The term "legal interest" means that interest allowed by law when the parties to a contract have not agreed upon any particular rate of interest.  Rev. Stats., art. 2973.    All other interest permitted by law to be contracted for is "conventional interest."   Rev. Stats., 2974.   Under the statutes against usury, the interest is void as to the whole amount when it exceeds the highest conventional rate; and "legal interest" will only be allowed in suits to recover back usurious payments.   Tyler on Usury, p. 422; 7 Wait's Act. and Def., sec. 18; 1 Story's Eq. Jur., sec. 302.

HOBBY, JUDGE.—The appellee instituted this suit on the 15th day of August, 1887, against the appellant, to recover back from it the sum of $1440 paid by her as interest on a contract alleged to be usurious, and also the further sum of $276 as interest on that sum.

The petition states that she, joined by her husband, then living but now dead, did on the 23d day of March, 1883, enter into a contract with the appellant in the form and under the device of a builder's contract, which contract was attached to and made part of the petition.   In this contract it is stipulated that the appellant shall erect a house for appellee for the sum of $4800, with interest at 10 per cent per annum on that sum, which amounts to $40 per month; that this monthly sum was paid for each and every month from the said 23d day of March, 1883, up to and including the 5th day of April, 1886; that said contract was not a builder's contract, but was a fraudulent device for evading the usury laws, and that the same was one for the loan of money; and that under said contract she received as a loan from the appellant only the sum of $3292, upon which she paid interest at the rate of $40 per month, or at the rate of about 14½ per cent per annum.

The petition further alleges that the appellee, prior to the institution of the suit and before the maturity of the contract, paid in addition to said sum of $1440 as interest the said sum of $3292.

The appellant filed a general demurrer to the petition, and excepted to it specially that the petition and the exhibit showed the contract to be a building contract, and showed a final settlement between the parties, and that it contained no allegations of fraud, deceit, or mistake to authorize the court to reopen said settlement.

The demurrer and exceptions were overruled by the court.

The appellant filed an answer admitting the execution of the contract attached to the petition and alleging that the same was what it on its face purported to be, a contract for the building of a house for the sum of $4800, and that it was such a contract as under its charter and by-laws it was permitted to make; that it fully complied with said contract, and that appellee accepted the building erected under said contract; that the appellee was a stockholder in the appellant association, and as such she had the right on a final settlement to have applied to said indebtedness of

$4800 the value of her shares of stock in the appellant association; that on the 5th day of April, 1886, and long before the maturity of the indebtedness under the contract, the appellee made a full and final settlement with the appellant of all demands arising out of said contract, and that in said final settlement she was credited with the value of her said shares of stock, including the profits which the said shares of stock had earned, and appellant therefore pleaded an accord and satisfaction; also the statute of limitation of two years to the recovery of $1440 paid as interest.

A trial by the court without a jury resulted in a judgment for the appellee for $1102.95, with interest from September 16, 1887.

The controlling question in the case raised by the assignments of error is whether interest voluntarily paid upon an alleged usurious contract can be recovered after the contract has been executed in the absence of a statute authorizing such recovery.

The contract in this case upon its face is a building contract, providing by its terms for the erection of a building, described, for appellee in consideration of the sum of $4800, to be paid by appellee at the maturity of certain stock owned by appellee in the building association.

There are no doubt cases which deny the party paying usurious interest the right to maintain an action or suit for its recovery, upon the principle that the parties are equally in the wrong, and that the injury, if any, is the result of a voluntary act.

Under the statute of Missouri regulating this subject it was held that no provision was made by which the borrower could recover back money paid voluntarily as usurious interest.

The opinion in the case is largely influenced by the peculiar statute of that State.

It appears that where the answer in that State raises the issue as to usury and the judgment finds it to be established, the interest is forfeited to the school fund. And to hold that a party can institute a suit to recover back such interest when voluntarily paid would have the effect to discourage such defense, as the recovery would when he brings suit enure to his benefit; but it would not where it is pleaded as a defense. Ransom v. Hays, 39 Mo., 449.

In Iowa, also, the policy of the statute (which "regards the parties to the contract *in pari delicto,* holds them obnoxious to its animadversions, and makes the school fund the recipient of the forfeiture) would be defeated by allowing the borrower to recover usurious interest voluntarily paid." Nichols v. Skeel, 12 Ia., 302.

In Georgia it has been held in substance that upon the settlement of a transaction which embraces an item or feature of usurious interest, and the attention of the party paying such interest is distinctly called to it and it is then knowingly included in the final adjustment, a recovery can not be subsequently had for such usurious interest. Parker v. Build. Assn., 46

Ga., 166. The inference deducible from this case is that if the party's attention be not distinctly directed to the obnoxious feature of the transaction a recovery could be had.

Under the statute of Maryland a recovery is not allowed where no compulsion is used and an excess of lawful interest is paid with full knowledge. Awalt v. Build. Assn., 34 Md., 435.

We believe it will be found that in the States mentioned the above rule obtains generally by reason of some peculiar policy or language of the statute, neither of which exist in our State.

An eminent writer says on the other hand that "equitable relief is granted against usurious contracts, whether executory or executed, since from considerations of public policy the two parties are not regarded as standing *in pari delicto*." 2 Pome. Eq., sec. 937.

At an early date Lord Mansfield denied that the parties were equally wrong. Endl. on Build. Assns., sec. 359.

"Equity," says the author first mentioned, "will never assist a party to carry into effect his own intentional violation of the law." But "it is well settled that courts of equity will go further, and give all the affirmative relief which is just to the borrower. * * * If the contract is executed, he may recover back the usurious amount paid in excess of the sum actually borrowed and legal interest thereon." Id.

"Such contracts being declared void by the statute against usury, equity will follow the law in the construction of the statute. * * * If the borrower seeks relief against the usurious contract, the terms upon which the court will interfere are that the plaintiff will pay the defendant what is really due, deducting the usurious interest." 1 Story's Eq., secs. 301, 302.

"Nor is the payment of the usurious interest such a voluntary payment as entitles the receiver to retain it." Endl. on Build. Assns., sec. 359.

Our statute declares that "All written contracts whatsoever which may in any way, directly or indirectly, violate the article prohibiting a stipulation for interest at a rate greater than 12 per cent per annum shall be void and of no effect for the whole rate of interest only," etc. Rev. Stats., art. 2979. There is nothing in our statute which indicates a purpose to destroy the common law or equitable right to recover by affirmative action such interest.

Article 2981 provides that "No evidence of usurious interest shall be received on the trial of any case unless the same shall be specially pleaded and verified by affidavit of the party wishing to avail himself of such defense."

It is claimed that this does not authorize an independent action for the recovery of usurious interest.

We do not think it was the intention of this article to preclude a party from asserting his right to recover in the capacity of plaintiff. The arti-

·cle last referred to applies to those who "wish to avail themselves of this ·defense," not to one seeking affirmatively relief at law or in equity. Under our laws regulating limitation it is provided that "the laws of limitation shall not be made available to any person in any suit in any of the courts of this State unless it be specially set forth as a defense in the ·answer." Rev. Stats., art. 3220. This is certainly as restrictive as article 2981, *supra*. But this we apprehend would not preclude a party from ·establishing affirmatively his right by limitation in the capacity of plaintiff. Winburn v. Cochran, 9 Texas, 125; Moody v. Holcomb, 26 Texas, 719.

We think a suit like the present may be maintained.

"The essential elements of a usurious contract consist of a loan with the understanding that the money loaned is to be returned, and that a greater rate of interest is paid than the statute allows. Whether this be ·done directly or indirectly, or whatever may be the form or phase the con- ·tract assumes, is altogether immaterial." Endl. on Build. Assns., sec. 358.

The evidence in the case shows that the amount of interest agreed to be paid by Mrs. Robinson under the contract with appellant was usurious, as it exceeded the highest rate recognized by our law, to-wit, 12 per cent. But in contracting to pay this rate she necessarily contracted to pay 12 per cent, hence we think the appellant would be entitled to recover the amount ·of the loan made to her on March 23, 1883, together with 12 per cent in- terest per annum thereon; that she is entitled to credit for the amounts paid by her at the different times shown by the evidence. And that the rights of the parties may be adjusted under the well recognized rules ap- plicable to partial payments, we think the judgment should be reversed ·and the cause remanded.

*Reversed and remanded.*

Adopted June 17, 1890.

Motion for rehearing refused at Tyler Term, October 17, 1890.