Bissell, P. J.,
delivered the opinion of the court.
According to our view of the law, the court ruled correctly on the demurrer and the judgment must be affirmed. Many-grave constitutional and statutory questions were suggested on the arguments which cannot be considered or determined. While they may be of great moment to the people of the state, and under some circumstances we might be compelled to decide them, yet as the case is presented by the record, if we should undertake to discuss or determine the respective rights of the users of water, and of companies organized to carry it, our declarations would be obiter and of no binding force. The circumstances surrounding the payment made by the plaintiff Steck entirely conclude him in this suit.
In 1884, Amos Steck was the owner of forty acres of land in Arapahoe county, located in proximity to the canal constructed by the Northern Colorado Irrigation Company. On the 3d of March of that year, Steck and the Irrigation Company entered into a written agreement, which in general terms provided for the delivery of water by the compan}^ to irrigate Steck’s land. There were many conditions. and limitations *324 annexed to the right, but these are wholly unimportant. Thirty-six dollars interest was paid by Steck when the agreement was signed; the balance of the price Was payable in three annual installments, falling due on the third of March in each year thereafter, and amounted to one hundred and twenty dollars annually, with interest in the sums of twenty-four and twelve dollars, payable in advance, together with an annual rental per acre of not less than one dollar and a half, and not more than four dollars. These are all the terms of the contract with which we have anything to do.
The only legal inquiry concerns these payments. As a general proposition, it may be safely stated, that where a party with a full knowledge of all the facts of the case voluntarily pays money in liquidation of an unjust demand, he cannot afterwards insist that the payment was made by compulsion and recover the money. The reason of the rule is a plain one. The parties meet on even terms, and if the parties desire to contest the right and litigate the result, this action must precede the payment. As was stated in the well considered ease below cited, “ if it were not so, the effect would be to leave the party who pays the money the privilege of selecting his own time and convenience for litigation, delaying it as the case may be, until the evidence which the other party would have relied upon to sustain his claim may be lost by the lapse of time and the various casualties to which human affairs are exposed.” Awalt v. The Eutaw Building Association, 34 Md. 435; Williams et al. v. Colby, 44 Vt. 41; Patterson v. Cox, 25 Ind. 261; Cook v. Boston, 91 Mass. 393; Benson v. Monroe, 7 Cush. 125; The Boston & Sandwich Glass Co. v. City of Boston, 4 Metc. 181.
The rule is both useful and wholesome. To justify a departure from it, the case presented must rest on one of the plain and obvious distinctions recognized and settled in those cases'which permit a recovery where money has been voluntarily paid. No benefit would be derived from a statement of the various exceptions which have been engrafted on the rule. It is enough to decide that there are no facts set out *325 in the complaint which will bring it within any of them. We do not determine what would have been the law if the party had executed the contract, made his first payment of thirty-six dollars, and immediately brought suit for the annulment of the agreement, and to enforce what he now maintains were his statutory and constitutional rights. He would then have proceeded promptly, availed himself of the first opportunity to assert his claim, and if he ever had the rights which he now contends for, he might possibly have been in a position to maintain them. He took no such steps. He made the three successive annual paj-ments. Paid his water rent as it fell due in the shape of an assessment of so much per acre, and now brings suit to recover the entire sum which he thus voluntarily paid. It is impossible to evade the force of the annual and successive payments. The authorities are all against it.
He is concluded by his own acts, and cannot escape the effect of what he did when his performance accorded with his agreement, and so fully evidenced his assent.
The judgment must be affirmed.

Affirmed.