NOT DESIGNATED FOR PUBLICATION

No. 121,958

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BRANDON J. HARDYWAY,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DEBORAH HERNANDEZ MITCHELL, judge. Opinion filed December 18, 2020. Affirmed.

*Wendie C. Miller*, of Kenneth B. Miller, Attorney at Law, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., BRUNS and SCHROEDER, JJ.

PER CURIAM: Brandon J. Hardyway appeals the summary dismissal of his K.S.A. 2019 Supp. 60-1507 motion, arguing the district court erred in finding his appellate counsel was not ineffective when appealing the denial of his plea withdrawal motion. Finding no error by the district court, we affirm.

FACTS

Hardyway was originally charged with first-degree murder and criminal possession of a firearm. As a result of plea negotiations with the State, Hardyway pled guilty to second-degree murder, criminal discharge of a firearm, and aggravated assault. In exchange for his pleas to the amended charges, the State agreed to recommend Hardyway be sentenced to the high number in the appropriate sentencing grid box for each charge, the sentences run consecutive, and the presumptive sentence— imprisonment—be imposed. However, Hardyway was free to argue for a departure. Prior to entering his pleas, Hardyway signed a document entitled "Defendant's Acknowledgment of Rights and Entry of Plea," indicating his attorney had advised him of the terms of the plea agreement and he understood the consequences of entering his pleas.

At the plea hearing, the district court informed Hardyway of the rights he was waiving by entering a plea instead of going to trial and asked Hardyway whether he understood the plea agreement. Hardyway indicated he did. The district court further advised Hardyway of the potential penalties for the charges he intended to plead to and informed him the court was not bound by the parties' sentencing recommendations. Hardyway indicated he understood this as well. Hardyway further assured the district court his plea had not been induced by any threats or promises and he was satisfied with the assistance of his attorney. The district court found Hardyway's pleas were knowingly, voluntarily, and intelligently made; accepted his pleas; and found him guilty based on the factual basis provided.

Prior to sentencing, Hardyway filed a motion for downward durational departure. At sentencing, Hardyway expressed some concerns about the plea agreement, his attorney's performance, and what his attorney may have told him, stating:

"[T]hat downward departure was put in my plea as I was going to get it. That's what I was told. I was—I was going to get that downward departure. . . . I was told I was going to get a downward departure, until [a] couple of days ago, and my lawyer said, well, now, we can't get it, you know, and I mean, I'm not saying that to say, well, I shouldn't [have taken] the plea. I admitted to what I did, you know what I mean, I just want—I just want the Court to know that that wasn't the allegations of—of the plea. And—and I feel like, you know what I mean, I was misused by my attorney. He—he mis—misdirected me, as far as that plea agreement went. I—I already—I'm guilty. I pled guilty. I'm willing to go do whatever time I got to do, 'cause I did that.

"But considering the fact of how I was represented and—and—and the value of my—my lawyer's help, it wasn't good as far as that plea."

The district court did not inquire whether Hardyway wanted to withdraw his pleas but stated:

"I just simply want to respond for purposes of the record, there is no language in the plea agreement guaranteeing any durational departure.

"Also, for purposes of the record, this Court was the Court that took the plea. And as is my custom, habit, and I legally have to do it, I informed Mr. Hardyway that the Court was not bound by the plea. The Court would sentence Mr. Hardyway to a sentence that the Court believed to be legally appropriate under the circumstances."

The district court denied Hardyway's departure motion and sentenced him to 293 months' imprisonment. Hardyway's sentences were affirmed by another panel of this court on direct appeal. *State v. Hardyway*, No. 102,915, 2010 WL 4103493, at *1 (Kan. App. 2010) (unpublished opinion).

Hardyway subsequently filed a motion to withdraw his pleas, claiming there was not a sufficient factual basis. The district court initially dismissed his motion as untimely filed. However, based on Hardyway's motion to reconsider, claiming his direct appeal counsel had not informed him his petition for review was denied, the district court set the

3

matter for an evidentiary hearing. Prior to the evidentiary hearing, Hardyway filed an amended motion, alleging his plea counsel was ineffective for failing to adequately explain the plea agreement, investigate defenses or explore trial strategies, explain the district court was not required to grant the departure motion, and investigate mitigating factors supporting a departure. The district court conducted a three-day evidentiary hearing at which Hardyway, his plea counsel, his wife, and his mother testified.

Hardyway testified his attorney, Daniel Phillips, met with him only three or four times in jail over the course of a year and did not review police reports with him because he did not have time. Hardyway indicated he wanted to go to trial on the original charges of first-degree murder and criminal possession of a firearm. Hardyway claimed he gave Phillips a list of witnesses to investigate, but Phillips never told him it had been done. He further claimed Phillips did not discuss trial preparation with him or even tell him what the State was required to prove at trial. Hardyway also testified Phillips told him there was a ballistics report indicating the weapon Hardyway had been seen throwing from a vehicle was the murder weapon, and, based on the ballistics report, Hardyway had no chance at trial and it was in his best interests to take a plea deal.

Hardyway testified Phillips subsequently presented him a plea offer from the State amending the charges to second-degree murder, criminal discharge of a firearm, and aggravated assault, with the State agreeing he could seek a downward departure. He claimed Phillips did not explain what a departure was or tell him the sentencing judge did not have to grant a departure. Based on what Hardyway claimed he had (or had not) been told, he asserted he believed he would receive a downward departure sentence under the plea agreement. Hardyway acknowledged the district court informed him at the plea hearing it would not be bound by the plea agreement at sentencing but maintained he did not understand he was not guaranteed a departure sentence. He alleged it was only before the sentencing hearing he found out he was not guaranteed a departure. Hardyway

asserted he did not freely enter his plea because he only pled to obtain a departure sentence and he did not believe Phillips was prepared to defend him at trial.

Hardyway's wife and mother both testified Phillips told them the State made a plea offer, asked them to discuss it with Hardyway, and told them if Hardyway did not accept the plea offer, then the State would amend the charges to capital murder and Hardyway would be given a life sentence. They both testified they told Hardyway to accept the plea offer.

Phillips testified he visited Hardyway numerous times to determine what defenses could be raised and how they could be presented at trial. Phillips testified he read the police reports with Hardyway and reviewed the ballistics report he received two weeks before trial. Phillips indicated it was an eyewitness case and multiple witnesses identified Hardyway as the shooter. After receiving the ballistics report indicating the weapon Hardyway was seen throwing to the ground after the shooting was the murder weapon, Phillips told Hardyway it was "one more convincing nail in the coffin" and it was likely he would be found guilty at trial.

Phillips testified he spent "an extra amount of time working with [Hardyway]" due to the nature of the charges and Hardyway's initial desire to take the case to trial. Phillips testified when Hardyway learned of the results of the ballistics test, "then [Phillips] would have to say in [Hardyway's] mind the last wall came tumbling down." Based on Hardyway's reaction to the results of the ballistics test and his discussions with Hardyway at that time, Phillips sought a plea offer from the State. Phillips wanted to obtain a plea offer that would give Hardyway a chance to eventually get out of prison. Phillips explained the State's plea offer to Hardyway and told him he would file a departure motion. Hardyway wanted Phillips to argue for probation but Phillips told Hardyway there was no chance he would receive probation. Phillips also told Hardyway the chance

5

of receiving a departure sentence was "remote." Phillips further testified he explained to Hardyway the district court was not bound by the plea agreement.

Phillips believed even if the district court gave Hardyway the maximum possible sentence, the plea agreement was advantageous because Hardyway would not be on lifetime parole and could be released from prison by his mid-40s. Phillips testified he never told Hardyway he would receive a durational departure to 180 months' imprisonment. Phillips further testified he never told Hardyway's mother the State would increase the charges if Hardyway did not accept the plea. He said he never would have conveyed a message like that to Hardyway. Phillips stated the notion he would do so was "ridiculous."

The district court determined Hardyway did not request his pleas be set aside before sentencing; therefore, Hardyway was required to show manifest injustice in order to withdraw his pleas. See K.S.A. 2019 Supp. 22-3210(d)(2). The district court denied Hardyway's motion, finding Phillips provided reasonable professional assistance; Phillips did not promise Hardyway he would receive a departure sentence; and Hardyway knowingly, voluntarily, and intelligently entered his pleas. Hardyway appealed the denial of his motion, and another panel of this court affirmed. *State v. Hardyway*, No. 109,777, 2014 WL 1887647, at *1 (Kan. App. 2014) (unpublished opinion).

In affirming the district court's decision, the panel noted Hardyway waived or abandoned his argument Phillips was ineffective because Hardyway failed to brief the point. Still, the panel indicated Phillips' testimony—if believed—showed Hardyway received constitutionally effective assistance of counsel. The panel further held the district court properly determined Hardyway was not misled into entering his pleas and did so knowingly, intelligently, and voluntarily. 2014 WL 1887647, at *3-4.

Hardyway subsequently filed a K.S.A. 60-1507 motion from which this appeal arises. In his motion, Hardyway argued his appellate counsel was ineffective for failing to raise various claims of ineffective assistance of counsel by Phillips and failing to argue the district court applied an incorrect legal standard to his plea withdrawal motion. Specifically, Hardyway argued his appellate counsel was ineffective for: (1) failing to argue Phillips was ineffective for not making sure Hardyway understood the plea agreement; (2) failing to argue Phillips was ineffective for not spending enough time to properly explain the plea agreement; (3) failing to argue Phillips was ineffective for not investigating and discussing with Hardyway potential defenses, trial strategy, or pretrial motions; (4) failing to argue Phillips was ineffective for not adequately investigating and presenting mitigating evidence to support a departure; and (5) failing to argue the district court should have applied the presentence good cause standard to Hardyway's plea withdrawal motion. See K.S.A. 2019 Supp. 22-3210(d)(1).

The district court summarily denied relief, stating it already found Hardyway's plea counsel provided effective representation and it would not allow Hardyway to relitigate his underlying ineffective assistance of counsel claims. Additional facts are set forth as necessary herein.

ANALYSIS

Hardyway's arguments require us to apply multiple standards of review. Put simply, he asserts a three-layered claim of error. First, his plea counsel was ineffective and Hardyway should have been allowed to withdraw his pleas as a result. Second, his appellate counsel was ineffective in appealing the denial of his motion to withdraw his plea. Third, the district court erred in summarily dismissing his K.S.A. 60-1507 motion wherein he asserted his appellate counsel was ineffective. Given the procedural posture of this case, we will discuss each of the applicable standards of review in reverse order.

7

*Standard of Review*

A district court has three options when handling a K.S.A. 60-1507 motion:

"'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citations omitted.]" *White v. State*, 308 Kan. 491, 504, 421 P.3d 718 (2018).

Here, the district court summarily dismissed Hardyway's K.S.A. 60-1507 motion; thus, we conduct a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

To establish ineffective assistance of counsel on appeal, a criminal defendant must show that (1) counsel's performance, based upon the totality of the circumstances, was deficient in that it fell below an objective standard of reasonableness and (2) the defendant was prejudiced to the extent that there is a reasonable probability that, but for counsel's deficient performance, the appeal would have been successful. *Miller v. State*, 298 Kan. 921, 930-31, 934, 318 P.3d 155 (2014). The failure of appellate counsel to raise an issue on appeal is not, per se, ineffective assistance of counsel. 298 Kan. at 932.

"To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea." K.S.A. 2019 Supp. 22-3210(d)(2). Generally, an appellate court will not disturb a district court's denial of a postsentence motion to withdraw plea absent an abuse of discretion. *State v. Johnson*, 307

Kan. 436, 443, 410 P.3d 913 (2018). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018).

A defendant upon filing a postsentence motion to withdraw a plea alleging ineffective assistance of counsel can establish manifest injustice by meeting the constitutional test for ineffective assistance. The constitutional test asks: (1) whether the attorney's representation fell below an objective standard of reasonableness and (2) whether absent the attorney's errors, there is a reasonable probability that the result of the proceeding would have been different. Prejudice is shown if there is a reasonable probability that, but for the deficient performance, the defendant would have insisted on going to trial instead of entering the plea. A reasonable probability is a probability that is sufficient to undermine confidence in the outcome. However, there is a strong presumption that counsel provided the defendant with adequate assistance and used reasonable professional judgment in making all significant decisions. *Johnson*, 307 Kan. at 447.

When the district court conducts an evidentiary hearing on claims of ineffective assistance of counsel, the appellate courts review the district court's factual findings using a substantial competent evidence standard. *State v. Butler*, 307 Kan. 831, 853, 416 P.3d 116 (2018). Substantial competent evidence refers to legal and relevant evidence that a reasonable person could accept as being adequate to support a conclusion. *State v. Doelz*, 309 Kan. 133, 138, 432 P.3d 669 (2019). Appellate courts review the district court's legal conclusions based on those facts de novo. *Butler*, 307 Kan. at 853. "'Judicial scrutiny of counsel's performance in a claim of ineffective assistance of counsel is highly deferential and requires consideration of all the evidence before the judge or jury. The reviewing court must strongly presume that counsel's conduct fell within the broad range of reasonable professional assistance. [Citation omitted.]'" *State v. Johnson*, 304 Kan. 924, 951, 376 P.3d 70 (2016).

*Discussion*

Here, Hardyway claims his appellate counsel was ineffective for failing to argue his plea counsel was ineffective. In order to prevail on his claim, Hardyway needs to establish: (1) His appellate counsel should have raised the arguments identified in his brief and (2) if those arguments had been raised, they would have succeeded on appeal. See *Miller*, 298 Kan. at 930-31, 934. To show his arguments would have succeeded on appeal, Hardyway needs to establish Phillips' performance was, in fact, deficient and, but for Phillips' deficient performance, he would not have entered his pleas. See *Johnson*, 307 Kan. at 447. Hardyway's arguments fail because he cannot show Phillips was deficient and/or he cannot show his appellate counsel was deficient for failing to advance the arguments he presents to us on appeal.

As the State points out, the arguments Hardyway advances in his brief are largely points previously raised during the appeal of his motion to withdraw his plea but now framed through the lens of an ineffective assistance of counsel claim. A prior panel of this court found Hardyway waived or abandoned his claim of ineffective assistance of plea counsel because he failed to brief the issue. See *Hardyway*, 2014 WL 1887647, at *3. Accordingly, the issues raised in Hardyway's brief are not necessarily precluded by the doctrine of res judicata. Still, the prior panel stated: "Nevertheless, we find that the testimony offered by his former attorney—if believed—was sufficient to show that Hardyway received constitutionally effective representation." 2014 WL 1887647, at *3. This is essentially where all of Hardyway's arguments fail—the district court believed the testimony of Phillips, not Hardyway.

Hardyway now raises five claims of ineffective assistance of appellate counsel, which are not persuasive. As each one is considered, they do not provide Hardaway with any relief.

10

First, he asserts his appellate counsel should have argued Phillips did not properly explain the plea agreement. Second, he asserts his appellate counsel should have argued Phillips did not spend enough time to adequately explain the plea agreement. Hardyway's second point is a continuation of the first. In essence, he claims he did not understand the plea agreement because Phillips misled or misinformed him and/or did not adequately explain it to him.

Hardyway's arguments are contrary to the district court's finding Phillips was a more credible witness than Hardaway. The district court found in harmony with Phillips' testimony he spent the time necessary to explain the plea agreement to Hardaway. They are also contrary to the district court's finding Hardyway understood the terms of the plea agreement. In reaching its decision, the district court pointed to Phillips' testimony his records showed he visited Hardyway 58 times in jail. The district court also discussed its colloquy with Hardyway at the plea hearing, quoting portions of the transcript verbatim, which showed Hardyway had no questions about the plea agreement or potential sentences he could receive as a result. The district court also found Phillips' testimony credible that he never told Hardyway he would receive a departure sentence.

Only by asking us to reweigh evidence and/or determine credibility—which we cannot do—could Hardyway truly call into question the district court's findings. See *State v. Salary*, 309 Kan. 479, 483-84, 437 P.3d 953 (2019) (factual issues underlying ineffective assistance of counsel claim must be resolved by district court). It was not ineffective for Hardyway's appellate counsel not to advance arguments contrary to or unsupported by the record, nor was it ineffective to decline to make arguments inconsistent with the proper standard of appellate review.

Third, Hardyway asserts his appellate counsel should have argued Phillips was ineffective for failing to adequately investigate potential defenses, discuss trial strategy, or file pretrial motions. This is an argument unsupported by the record; thus, it was not

unreasonable for appellate counsel not to present the argument. Phillips testified he spent "an extra amount of time working with [Hardyway]" due to the nature of the charges and Hardyway's initial desire to take the case to trial. Phillips visited Hardyway "many, many, numerous" times, and his review of the jail logs indicated as many as 58 visits.

Phillips testified he reviewed reports, went to the scene of the shooting, and he or his secretary spoke with eyewitnesses in preparation for trial. The district court found Phillips' testimony credible that he visited with Hardyway numerous times to discuss the evidence and prepare for trial and found Phillips was not deficient in his preparation or representation of Hardyway. Further, the record reflects Phillips made three pretrial motions—a motion requesting forensic or DNA evidence, a motion to exclude evidence of Hardyway's criminal record and gang activity, and a motion for additional discovery.

Without further explanation, Hardyway asserts: "The information requested in the discovery motion might have impacted Mr. Hardyway's decision to enter a plea." Hardyway further complains Phillips did not file a motion to suppress evidence regarding law enforcement stopping Hardyway during their investigation. Hardyway provides no explanation as to the potential grounds for such a motion, how it would have been successful, and how it would have affected the case. Hardyway additionally argues Phillips failed to properly challenge eyewitness identification of Hardyway as the shooter because he did not investigate whether the witnesses who identified Hardyway from a photo lineup may have been under the influence of alcohol or drugs. His argument on this point is entirely speculative. There is no evidence supporting a claim or inference the eyewitnesses were intoxicated when they identified Hardyway as the shooter. The evidence also reflects some of the witnesses were passengers in the car with Hardaway at the time of the shooting.

Hardyway also complains there were no witnesses subpoenaed to testify on his behalf at trial. He fails to explain who might have testified and what the substance of

their testimony may have been. He has not established Phillips was deficient for failing to subpoena witnesses on his behalf. Phillips still could have effectively challenged the State's case solely through cross-examination of the State's witnesses. A criminal defendant does not have the burden of proof and has no burden or obligation to present evidence in his or her defense. If Phillips felt there was no beneficial evidence to present, then it would not be ineffective to decline to do so. Hardyway presents no evidence there were, in fact, favorable defense witnesses available and their testimony would have changed his decision to enter his pleas. Hardyway has failed to establish Phillips' investigation was deficient. Hardaway also fails to recognize in his briefing he agreed to enter a plea, thus eliminating the need to subpoena witnesses for the trial. Accordingly, he has failed to show his appellate counsel was ineffective for failing to raise the issue his trial counsel was ineffective. See *Johnson*, 307 Kan. at 447; *Miller*, 298 Kan. at 930-31.

Fourth, Hardyway asserts his appellate counsel should have argued Phillips was ineffective for failing to investigate and present evidence of mitigating factors at sentencing. This argument is beyond the scope of the ruling appealed. Hardyway was not appealing his sentence; he was appealing the denial of his motion to withdraw his plea. There was no reason for Hardyway's appellate counsel to make an argument not germane to the issue. To the extent this issue is relevant, it is tangential at best. Phillips told Hardyway he would file a departure motion. However, Phillips advised Hardyway the likelihood the motion would succeed was "remote." Based on Phillips' testimony, which the district court found credible, Hardyway cannot establish he would not have entered his pleas based on a belief his attorney would not thoroughly prepare or argue for a departure. Phillips' testimony establishes Hardyway knew it was unlikely he would receive a dispositional departure sentence to probation or a reduced sentence regardless of how well prepared or presented his motion was. Moreover, the record reflects Hardyway's counsel researched potential mitigating factors to present at sentencing and thoroughly argued for a departure based on the same.

Finally, Hardyway asserts his appellate counsel was ineffective for failing to argue the district court should have applied the good cause standard used for a presentence motion to withdraw plea. See K.S.A. 2019 Supp. 22-3210(d)(1). Hardyway fails to support this argument with pertinent authority, and there does not appear to be any authority supporting his argument. "[F]ailure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue." *Salary*, 309 Kan. at 481.

At sentencing, Hardyway indicated he felt he may have been misled by Phillips regarding whether he could or would receive a departure, but Hardyway did not indicate he wanted to withdraw his pleas. Hardyway clearly stated: "I'm guilty. I pled guilty. I'm willing to go do whatever time I got to do, 'cause I did that." The district court then clarified for the record the plea agreement did not guarantee Hardyway would receive a departure, and the district court had advised Hardyway at the plea hearing it was not bound by the plea agreement.

Hardyway did not make a presentence motion to withdraw his pleas. With no presentence motion to withdraw his plea, it was not ineffective for his appellate counsel not to advance an argument unsupported by the record and without supporting authority. Here, Hardyway provides only a conclusory argument on this point, asserting: "Had the issue been raised, the result of the appeal would have been different." He fails to properly explain *how* or *why* the result would have been different; therefore, we consider his argument abandoned due to improper briefing. See 309 Kan. at 481.

We find no support in the record that Hardyway's arguments in his brief would have been successful if raised in his prior appeal. Accordingly, the district court did not err in summarily dismissing his claims of ineffective assistance of appellate counsel raised in his K.S.A. 60-1507 motion. See *Beauclair*, 308 Kan. at 293; *Miller*, 298 Kan. at 930-31.

Affirmed.