HOME FORUM BENEFIT ORDER OF ILLINOIS v. ANDREW L. JONES.

Decided December 14, 1898.

**1. Foreign Corporation—Action—Venue.**

A foreign corporation doing business in this State may be sued in its courts though no permit to do business has been obtained, and the venue is properly laid in any county in which it does business.

**2. Benefit Insurance.**

See findings of fact held to establish liability of a benefit insurance company upon the life of an applicant dying before the delivery of the benefit certificate (liability by its by-laws dating from such delivery) where the company received and failed to return the dues and assessments required for membership.

**3. Insurance—Authority of Agent.**

Representations of an agent authorized to take applications for benefit insurance as to the time from which the insurance would be in force, were admissible, in the absence of proof of any limitation upon his authority.

APPEAL from Llano. Tried below before Hon. W. M. ALLISON.

*Oatman & Oatman* and *H. G. Agnew,* for appellant.

*Slator & McLean,* for appellee.

FISHER, CHIEF JUSTICE.—The appellee sued the appellant, a mutual benefit society incorporated under the laws of the State of Illinois,

as the beneficiary in a contract of insurance entered into by his wife, Ida May Jones, and the appellant.

The appellant in its answer, as a defense, in effect, avers that no contract of insurance was ever completed, and that no certificate of membership was ever issued or delivered to Ida May Jones; nor were the fees and advance assessment dues paid, as was provided for by the rules of the order and the contract.

The case was tried before the court without a jury, and the following conclusions of fact and law were found:

"First.—Defendant is a foreign corporation, duly incorporated under the laws of Illinois, for the purpose of furnishing life insurance or indemnity to the beneficiaries of its deceased members on the installment plan, and conducting its business through its agents and local organizations or lodges, one of which local lodges is situated in Llano, Llano County, Texas.

"Second.—On the 6th day of November, A. D. 1897, there being then no local lodge of defendant in Llano, one R. M. Beard, the solicitor and agent of defendant, for the purpose of instituting and organizing new lodges for defendant and increasing and extending its business, was in Llano soliciting applications from numerous citizens of Llano, among whom were Mrs. Ida May Jones, the wife of plaintiff. That as an inducement to said persons so solicited, including said Ida May Jones, to become members of said order and join the local lodge of defendant and take out insurance and indemnity on their lives, the said solicitor and agent of defendant represented to said persons, and to said Mrs. Ida May Jones, that defendant would furnish them life insurance or indemnity for certain specified monthly payments, in the sum applied for, within certain limits, and that the insurance would be in force from the date of the approval of the local medical examination by the chief medical examiner of defendant order. Said solicitor and agent never made reference to any by-laws, and never presented said persons with a copy of any by-laws nor offered them an opportunity of informing themselves thereon.

"Third.—Said Mrs. Ida May Jones, among other citizens of said Llano, made application for membership in defendant's said order, and for life insurance or indemnity on her life in the sum of $2000, payable, in case of her death, to the plaintiff, Andrew L. Jones, her husband. Said application was made on one of the blank applications used by defendant for that purpose, and contained no condition or limitation, and made no reference to any constitutional provision or by-law. At the time of making said application by said Ida May Jones, the said agent demanded and received from the said Ida May Jones, in consideration for said membership and insurance the sum of $5.50, for which the said agent executed a receipt therefor, as follows:

" 'solicitor's receipt.

" 'Home Forum Benefit Order,
" 'Principal Office, 56 Fifth Ave., Chicago, Ill.
" 'Llano, Texas, Nov. 6th, 1897.
" 'Received from Mrs. A. L. Jones five (5) 50-100 dollars, admission fee, an application made for membership in above named order. If the application is rejected by the chief medical examiner, the fees, except local medical examiner's, will be returned by me to applicant. This receipt does not include certificate fee of $1.
" 'No. 18.                                    R. M. Beard, Solicitor.'

"Fourth.—The defendant, the Home Forum Benefit Order of Illinois offered in evidence the by-laws of defendant order, and by them proved the following facts, to wit: First, 'White persons of either sex, from 18 years of age to 50 years of age, except as provided hereinafter, of good moral character, who shall pass a medical examination by a physician appointed by the chief medical examiner, may become beneficial members of this order, subject to all the requirements for membership as set forth in the by-laws and certificate of membership.' (Art. 8, sec. 1.) Second, 'The following shall be the regular fees that must be paid by every applicant: For all members, $5; certificate fee, $1; medical examination, $1.50.' (Art. 8, sec. 3.) Third, 'Each applicant for beneficial membership must fill out and sign a blank application furnished by the secretary of the order. If the applicant is elected to membership, the secretary of the local forum will indorse the fact on the application and deliver it to the local medical examiner, who shall examine the applicant and collect his fees for such medical examination and send the application to the chief medical examiner. If the application is approved by the chief medical examiner, then, upon being returned to the office of the secretary of the order, the certificate of membership may be issued and it shall then be sent to the treasurer of the local forum from whence the application came, and he shall record the same upon a book of record kept for that purpose and deliver the certificate to the applicant in person, after he has indorsed the date of delivery upon the certificate and has collected one benefit assessment and one pro rata per capita tax and certificate fee of $1, and after the applicant has been obligated in accordance with the ritual. The treasurer of the local forum shall not deliver to any person a certificate of membership unless such person is in good health at the time of such delivery. The liabilities of the order begin when the first mortuary assessment is paid, in accordance with the table of rates and the above fees and dues collected and the certificate of membership is delivered.' (Art. 8, sec. 4.) Fourth, 'All persons shall not become beneficiary members of this order until their examinations have been approved by the chief medical examiner or assistant medical examiner, and they have paid one mortuary assessment, all local dues, certificate fee of $1, which includes the chief medical examiner's fee, and received a certificate of membership.' (Art. 13, sec. 6.)

"Fifth.—On the 6th day of November, 1897, said local lodge was instituted and organized under an open charter, and on the 8th day of November, 1897, said Ida May Jones was duly examined by defendant's local medical examiner in the manner required by defendant's by-laws, and that at that time she was in good health. Said application and local medical examination was immediately forwarded to the chief medical examiner of defendant at Chicago, Ill., and on said 8th day of November, 1897, said Ida May Jones, having been duly elected, was duly initiated and inducted into the mysteries and secrets of defendant's said order, and was duly obligated as a charter member of said local lodge of defendant order.

"Sixth.—Prior to the 17th day of November, 1897, the said chief medical examiner approved the application of Ida May Jones, and on said last named date said defendant caused its benefit certificate to be issued on said application, duly signed by its president and secretary, as follows:

"'*Certificate of Membership.*—The Home Forum Benefit Order hereby certifies by its president and secretary, that Ida May Jones is a member of Forum number 1582, located at Llano, Texas, and that she is entitled to all the rights and privileges of membership, as stated in the by-laws, and to participate in the mortuary fund of the order to the amount of two thousand dollars, which sum, as provided in the by-laws of the order, shall, within ninety days after satisfactory proofs of death have been furnished, be paid to Andrew L. Jones, her husband.  *  *  *

"'In witness whereof, the said Home Forum Benefit Order of Illinois has hereunto affixed its seal and caused this certificate to be signed by its president and secretary, in the city of Chicago, State of Illinois, this 17th day of November, A. D. 1897.

(Signed)    "'DR. P. L. McKINNEY, President.

[Seal.]    "'L. E. FISH, Secretary.

"'Registered and delivered this — day of ———, A. D. 1897.

"'_____, Local President.

"'_____, Local Secretary.

And this certificate was forwarded to the local lodge officers to be deliv- to said member upon the payment of the following sums of money: $1, certificate fee; 85 cents, one advance assessment, and 13. cents, per capita tax.

"Seventh.—On the 12th day of November, A. D. 1897, said Ida May Jones was taken sick and continued sick until she died on the 19th day of November, A. D. 1897.

"Eighth.—On the 20th or 21st day of November, 1897, said certificate issued to Ida May Jones, with numerous certificates of other members of said order, were in the hands of F. R. Wachtman, local treasurer of defendant, at Llano, Texas, for delivery, and about said date the plaintiff, Andrew L. Jones, tendered to said Wachtman the $1 certificate fee,

85 cents one advance assessment, and 13 cents per capita tax, being all that was due thereon, and demanded the delivery of said benefit certificate. Said money so tendered was accepted by the said F. R. Wachtman, local treasurer, stating at the time that he did not know whether he had a right to receive it or not, and duly forwarded to defendant's home office, with his report in writing, showing specially by whom said money was paid, and that it was on the certificate of said Ida May Jones that said payments were made. Said Wachtman refused to deliver to plaintiff said benefit certificate, for the reason that he was required to deliver it to the member in person, said member being at the time in good health, and for the further reason that he had been instructed by the home office in Chicago to return said certificate to said home office and not to deliver it to plaintiff, said officers of said home office being then fully informed of the death of said Ida May Jones, the proof of such death having been duly furnished.

"Ninth.—Said sums of money, consisting of the $5.50 paid to said agent on the making of said application and the certificate fee, one advance assessment, and per capita tax dues, aggregating $1.98 as above stated, were accepted, used and appropriated by the defendant, with full knowledge of all the surrounding circumstances, and no offer to return same, or any part thereof, has ever been made by defendant.

"Tenth.—Plaintiff is the husband of said Ida May Jones, and he is the beneficiary named in said application and also specified in said benefit certificate, and has never assigned his right thereunder. Defendant has never paid to plaintiff, or anyone else for him, any part of said insurance.

"Conclusions of Law.—From the foregoing facts, I deduce the following conclusions of law, viz:

"First.—In contracting for said insurance by said Ida May Jones, she had constructive notice of the by-laws set out in the findings of fact, and such by-laws constituted a part of the contract, so far as applicable, and were binding upon her.

"Second.—The actual delivery to the members in person, of the policy or benefit certificate, is not made a condition precedent to the liability of the defendant by said by-laws.

"Third.—Said contract of insurance was complete when said application had been accepted by said chief medical examiner of defendant and certificate had been issued thereon and sealed and signed by defendant's president and secretary and sent to the local lodge for delivery, and this I conclude, independent of the verbal representations made by said R. M. Beard at the time of taking said application.

"Fourth.—The acceptance by defendant, with full knowledge of all the facts surrounding the transaction, of the certificate fee of $1, the advance assessment of 85 cents, and the per capita tax of 13 cents, constitute an acceptance of the performance by plaintiff of the conditions in said by-laws requiring said payments to be made, and there was nothing further to do on the part of the insured except to receive the policy or

benefit certificate, and the refusal by defendant to deliver said policy or certificate does not render the contract incomplete.

"Fifth.—The acceptance by defendant of the said payments that were due upon the delivery of said policy or benefit certificate, above mentioned, with full knowledge of the fact that said Ida May Jones was then dead, and said policy or certificate had not been delivered to her, and the acceptance of said sum of $5.50 paid at the time said Ida May Jones made her said application, with the express understanding and agreement that same should be returned to her if she were rejected, and the failure on the part of defendant to return or offer to return said sums of money or any part thereof, constitutes a waiver by defendant of the conditions which defendant claims had not been performed and prevented its liability from attaching.

"Sixth.—Plaintiff is entitled to recover from defendant the sum of $2000, with interest thereon at the rate of 6 per cent per annum, and all costs of suit."

There is no statement of facts in the record, and upon these findings judgment was rendered in favor of the appellee for the $2000 and interest.

The appellant's first assignment of error complains of the ruling of the court in overruling an exception to the plaintiff's petition on the ground that, as the appellant was a foreign corporation, and as it was not averred in the petition that it was authorized to do business within this State, the courts of this State had no jurisdiction in suits against it to enforce contracts of insurance. The petition, in effect, averred that the appellant was a corporation doing business in this State, and had a local agent and representative in the county of Llano, where the suit was filed. This, we think, fixed the venue of the suit and gave the District Court of Llano County jurisdiction in a suit against the corporation.

The appellant, a foreign corporation, could not have instituted a suit in the courts of this State before obtaining a permit to do business here, as required by the statute; but that does not affect the jurisdiction of the courts of this State in a suit against the corporation, although it may not have obtained a permit, as required by law. There was no error in the ruling upon this question.

In response to the second assignment of error, it is only necessary to state that the petition avers a liability against the appellant; and, in accordance with the facts there stated, which were, in effect, found to be true by the trial court, the appellant's liability is fully shown by the averments of the petition. And in this connection, it is well to state that the facts found by the court warrant the conclusion that the appellant was liable on the contract sued upon.

There was no error in admitting the testimony complained of in the third assignment of error. The facts stated by the trial court do not show any limitation upon the power of Beard as the representative of the order, and his representations and statements made at the time that the contract of insurance was entered into were admissible. So far as

aught appears from anything to the contrary, Beard may have had full and unlimited power from the company.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Writ of error refused.