NATIONAL AUTO SERVICE CORPORATION v. STATE.

No. 7783.

Court of Civil Appeals of Texas. Austin.
Nov. 30, 1932.

Rehearing Denied Dec. 21, 1932.

Emmett B. Cocke and John A. Drossos, both of San Antonio, for appellant.

Jas. V. Allred, Atty. Gen., Everett L. Looney, of Houston, and Sidney Benbow, Asst. Atty. Gen., for the State.

BAUGH, J.

Suit by quo warranto by the state at the instance of the insurance commission to forfeit the charter of appellant on the ground that it was writing insurance without complying with the insurance laws. The trial court canceled the charter and appointed a receiver to wind up its affairs; hence this appeal.

Appellant was organized under the acts of the Forty-First Legislature (1929), p. 102, c. 47, now subdivision 91 of article 1302, Vernon's Ann. Civ. St. This act provides: "Corporations may be created to establish, support and maintain automobile clubs for the mutual benefit and protection of automobile operators, with power to acquire and own all property incidental to such business. Nothing in this Act shall be construed as legalizing corporations to write insurance as agents."

Appellant's charter contained substantially the language of the act, and authorized the corporation to enter into and execute such contracts as are essential to the conduct of the business of giving protection to the operators of automobiles. Appellant's original capital was $1,000, which was subsequently increased to $25,000, all of the $24,000 increase being subscribed by Mrs. A. Margaritis, one-half of which was paid as follows: $2,500 to A. L. Drossos, attorney for the corporation for services rendered, and the conveyance to the corporation of a $9,500 equity in real estate located in San Antonio.

The corporation issued to its members a "membership certificate," which provided, among other things, that for annual dues of $25 it would cause to be repaired in its membership garages during that year any damage to the members' automobile caused by accident not less than $7.50, nor more than $250. A certificate for a maximum repair charge not to exceed $500 was also issued for an annual charge of $45. The certificate also contained certain provisions limiting liability of the company, as to notice, expulsion, and nonassessment of members, etc., not pertinent here, and the following clause: "It must be clearly understood that this is not insurance, as the corporation never pays its members any money, as indemnity, except to repair any damage to member's automobile at the corporation's authorized repair shop as hereinabove provided."

The record discloses that the corporation operated in accordance with the provisions of the certificate; that is, when a member's car was damaged by accident in an amount in excess of $7.50, it was repaired at a designated garage, and the bill paid by the company, no money being paid to the member. The dues were a fixed charge, and paid annually by each holder of a certificate.

Appellant makes two contentions on this appeal: First, that its method of doing business did not constitute writing insurance, but was merely a service charge to its membership; and second, that if its certificate was an insurance policy, it was impliedly authorized by the language of the statute that "nothing in this Act shall be construed as legalizing corporations to write insurance as agents." (Italics ours.) That is, that the law contemplated that the corporation might insure its own membership.

We do not sustain either of these contentions. What constitutes insurance has been defined by statute in many states, and has been frequently defined by the courts. Its essential elements as relate to property are that it provides, for a consideration, indemnity against loss or damage to property, in which the assured has an interest which may result from some uncertain or unforeseen contingency. Cooley's Briefs on Insurance (2d Ed.) vol. 1, p. 6, defines an insurance contract as "an agreement by which one party for a consideration promises to pay money or its equivalent or do some act of value to the assured upon the destruction or injury of something in which the other party has an interest."

Couch's Cyc. of Insurance Law, vol. 1, p. 2, defines such contract as "an under-

taking by one party to protect the other party from loss arising from named risks, for the consideration and upon the terms and under the conditions recited." A multitude of cases from the various state and United States courts dealing with this subject are found in the annotations in 63 A. L. R. 711 to 772, and extended discussion of them is unnecessary. See, also, 32 C. J., 975; 14 R. C. L., 840. Whether or not a contract is one of insurance is to be determined by its purpose, effect, contents, and import, and not necessarily by the terminology used, and even though it contain declarations to the contrary. Southern Surety Co. v. Austin (Tex. Com. App.) 17 S.W.(2d) 774, 776; Allin v. Motorist's Alliance of America, 234 Ky. 714, 29 S.W.(2d) 19, 23, 17 A. L. R. 688. Nor is it essential that loss, damage, or expense indemnified against necessarily be paid to the contractee. It may constitute insurance if it be for his benefit and a contract on which he, in case of a breach thereof, may assert a cause of action. Allin v. Motorist's Alliance, supra; 63 A. L. R. 715. In the instant case we think it clearly appears that the purpose of the contract made by appellant was, for a fixed consideration, to indemnify the holder of the certificate against loss resulting from accidental damage to his car within the limits fixed by the certificate, and that it constituted an insurance contract under the rules above announced.

There is no contention that appellant made any effort to comply with the insurance laws of the state. The record discloses the contrary. It was incorporated under the general incorporation statute and not the laws relating to insurance companies. Certainly it had no express authority acting as a principal to insure its members. If the last sentence of the act authorizing its incorporation be omitted, it is obvious that it was not authorized to issue any form of insurance contract. The House Journal discloses that, as originally introduced in that body, the bill did not contain the last sentence now appearing in the act, but that same was added by amendment (H. J. 41st Leg. p. 390). The Legislature was undoubtedly cognizant that under the original bill such corporation could not write insurance as a principal, and, in order to prevent appellant from operating any sort of insurance business, it took the additional precaution that it should not be permitted to do so as an agent for some other corporation which might be authorized to do so; that is, that it intended to authorize such corporation to act only as a service club, outside of the insurance field, and to prevent it from writing insurance, either as principal or agent, leaving that business entirely to the supervision and regulation of the insurance commission as provided by law.

An additional reason may have impelled the Legislature in adopting the amendment. From 1911 to 1925 the insurance commission had refused to issue a license to any corporation to act as an agent in writing insurance of any kind. Article 5064, R. S. 1925, expressly prohibits the licensing of a corporation to act as agent in writing life insurance. But the codification of 1925 omitted article 4955 of the R. S. 1911, in construing which the insurance commission had interpreted the inhibition against licensing a corporation as an agent for life insurance to apply to all kinds of insurance. Thereafter, in 1931, James N. Tardy Company, a corporation, by mandamus compelled the insurance commissioner to issue to it a license to act as agent in writing fire, marine, and casualty insurance. See James N. Tardy Co. v. Tarver, 120 Tex. 591, 39 S.W.(2d) 848. But the Forty-Second Legislature by statute forbade the issuance of an agent's license to a corporation to write any form of insurance. Acts 42d Leg. c. 96, § 3, p. 151 (Vernon's Ann. Civ. St. art. 5062a, § 3). And it is to be noted that the amendment to the original bill under which appellant was incorporated is not limited merely to corporations formed thereunder, but applies to corporations generally. These matters disclose a legislative policy against authorizing corporations to write insurance, as agents. We conclude, therefore, that the addition of the last sentence to the act under which appellant was incorporated did not give appellant any more authority to act as an insurer than that contained in the preceding provisions, under which it had no authority to issue insurance policies to its members.

The judgment of the trial court is affirmed.

Affirmed.