Opinion approved by the Court.

## DENTON v. WARE.
### No. 5991.

Court of Civil Appeals of Texas. Amarillo.
Nov. 21, 1949.

Rehearing Denied March 6, 1950.

Wm. H. Hall, Dallas, for appellant.

Ed. C. Stearns, Dallas, for appellee.

Will R. Wilson, Jr., Dallas, amicus curiae.

LUMPKIN, Justice.

This suit seeks the recovery of an alleged payment of usurious interest. Appellant, O. R. Denton, filed the suit against the appellee, V. L. Ware, asking for a recovery of $216 or twice the amount of the alleged usurious interest. The case was submitted to the trial court on an agreed statement of facts which in substance reveals the following circumstances:

The appellee is in the loan business. On January 15, 1948, the appellant applied to the appellee for a loan of $600, and the parties entered into an agreement whereby the loan was made. The agreement or contract reads in part as follows:

"Application and Contract for
Loan of $600.00
"To V. L. Ware

"If and only in the event authorized and permitted by law, I promise to pay you the actual and necessary expenses in connection with the making of this loan, and * * * it is agreed the reasonable value of such actual and necessary expenses is $120.00, which includes interest at 10%, legal service charges and in consideration of the lender and mortgagee waiving his rights in favor of the borrower and mortgagor in certain contingencies such as death, sickness and accident as follows:
Death...........Full cancellation of note.

Sickness........Cancellation of payments while totally disabled and unable to work after a period of 7 days.

Accident........Cancellation of payments while totally disabled and unable to work after a period of 7 days.

"It is agreed that this charge is a reasonable charge, and that this agreement is not intended by either party, as a contract of insurance and shall not be construed or operate as such under any circumstances, and I agree for these amounts to be deducted from said loan only in the event the same is authorized and permitted by law. I do not intend to pay and you have represented to me that you do not intend to charge or collect any interest or charge not permitted by law, * * * .

"It is also agreed that, if I am an outside worker, payments will be suspended when the weather prevents my working but immediately resumed upon my return to work, provided my payments are up to date at beginning of bad weather.

."In further consideration of this contract, I warrant that I am in good health, mentally and physically; that no claim will be made on account of any chronic illness or disability; that in case of sickness or accident I will notify you within ten days and furnish you physician's certificate showing kind, time and duration of my disability. * * * "

The appellant and his wife executed a note for $720 (to be paid in $60 monthly installments) and gave the appellee a mortgage on certain personal property. It is agreed that the appellee did collect $720 from the appellant. Included in this sum was $60 (collected in advance of the loan), or 10% on the loan of $600 for one year; $12, the charge prescribed by Article 4646b, Vernon's Annotated Civil Statutes, as the actual and necessary expenses of making a loan on $600; and $48, the charge made by the appellee for waiving certain rights in favor of the appellant in case of death, sickness, or other contingencies named in the contract between the parties. It was stipulated that the appellee was not engaged in the insurance business and was not the agent or representative of an insurance company. The suit was brought under Article 5073, Vernon's Annotated Civil Statutes.

In its judgment the trial court found, as a matter of law, that the legal interest which could be collected on a note for $600 was $60 or 10% for one year on the principal. The court also found that $12, or a charge of $1 for each $50 or fraction thereof, was the legal limit for a service charge on $600. It held these two charges to be lawful. The court held, however, that the additional $48 charged appellant for the issuance of a policy of death, health and accident insurance is in violation of the laws of this state and that the appellant was entitled to recover the $48 from the appellee. As a matter of law the court found that the charge of $48 was not a charge of interest on the $600 loan and did not constitute usury. The court decreed that the appellant recover from appellee the $48 overcharge and court costs. To this judgment both parties excepted and gave notice of appeal to the Court of Civil Appeals for the Fifth Supreme Judicial District, whence the case was transferred to this court by order of the Supreme Court of Texas.

The appellant contends that the note and contract when considered together form a usurious transaction and that the court erred in not holding the $48 to be interest on the $600 loan in excess of the 10% interest per annum authorized by law.

Article 16, Section 11, of the Constitution, Vernon's Ann.St., provides that "all contracts for a greater rate of interest than ten per centum per annum, shall be deemed usurious" and authorizes the Legislature to provide penalties to prevent the charging of usurious interest. Article 5069, Vernon's Annotated Civil Statutes, defines interest and usury and provides that "all contracts for usury are contrary to public policy and shall be void." Article 5071 provides that the parties may agree in writing to a rate of interest not in excess of 10% per annum; that contracts for "a greater rate of interest shall be void and of no effect for the amount or value of the interest only; but the principal sum of money or value of the contract may be received and recovered." The essential elements of a usurious contract are listed by

the Supreme Court in the case of Bexar Building & Loan Ass'n v. Robinson, 78 Tex. 163, 14 S.W. 227, 228, 9 L.R.A. 292, 22 Am.St.Rep. 36: "The essential elements of a usurious contract consist of a loan with the understanding that the money loaned is to be returned, and that a greater rate of interest is paid than the statute allows. Whether this may be done directly or indirectly, or whatever may be the form or phase the contract assumes, is altogether immaterial." Pansy Oil Co. v. Federal Oil Co., Tex.Civ.App., 91 S.W.2d 453, writ ref. Our courts have held that those contracts which are prohibited by the constitution and statutes are contracts for a greater rate of interest than 10% per annum.

 The contract before us agrees that "the reasonable value of such actual and necessary expenses is $120, which includes interest at 10% * * *." The parties agreed not to pay or collect any interest or charge not permitted by law, and the appellant alleged in his petition that he "agreed and contracted to pay 10% on said $600 for said year following the making of the loan * * *." A contract to be usurious must impose the obligation upon the borrower to pay more than 10% per annum as interest. The contract before us does not impose upon the appellant the obligation to pay more than the legal rate of interest. Appellant alleged he contracted to pay an interest of 10%, and he is bound by these allegations. In our opinion, the contract is not usurious and the trial court did not err in so holding. The court was correct in finding and holding that the $48, over and above the $60 interest was not additional interest on the $600 loan. C. C. Slaughter Co. v. Eller, Tex.Civ.App., 196 S.W. 704, writ ref. Baldwin v. Motor Investment Co., Tex.Civ. App., 89 S.W.2d 1076; Nevels v. Harris, 129 Tex. 190, 102 S.W.2d 1046, 109 A.L.R. 1464; Federal Mortgage Co. v. Davis, Tex. Civ.App., 100 S.W.2d 717, affirmed 131 Tex. 46, 111 S.W.2d 1066; Jones v. Guilford Mortgage Co., Tex.Civ.App., 120 S.W. 2d 1081.

 The appellee asserts, in a cross-assignment of error, that the trial court erred in holding the $48 to be a charge for insurance in violation of the law. The appellee insists that those portions of the agreement which provide that neither principal nor interest on the loan shall be paid in case of certain contingencies—viz., death, sickness, accident, inability to work because of inclement weather—do not constitute the issuance of a policy of insurance. Broadly defined, insurance is a contract by which one party for a consideration assumes particular risks of the other party and promises to pay him or someone named by him a certain or ascertainable sum of money on a specified contingency. Supreme Council of American Legion of Honor v. Larmour, 81 Tex. 71, 16 S.W. 633; American Nat'l. Ins. Co. v. Brawner, Tex.Civ.App., 93 S.W.2d 450, dismissed; Bankers' Health & Life Ins. Co. v. Knott, 41 Ga.App. 639, 154 S.E. 194. Since the agreement of the appellant and appellee does not provide for the payment of a sum of money in the event of death, sickness, etc., it obviously is not a policy of insurance; and the parties stipulated in the agreement that the contract was not to be construed as a policy of insurance. The contract does not provide for a beneficiary, is not assignable, and does not provide for the payment of premiums. It is merely a contract by the terms of which the appellee waives his right to collect a debt in case of certain contingencies. There is no question but the parties had a lawful right to contract. Phillips v. State, 136 Tex.Cr.R. 430, 125 S.W.2d 585. In the construction of contracts, the courts determine the intentions of the parties in making the contract and give effect to those intentions when permitted by legal principles. The intentions are gathered from the entire contract rather than from a single portion of it. 10 Tex.Jur. Section 164, p. 282.

The record reveals that the appellee is in the business of preparing and making loans. He is not in the business of writing insurance. To make his loans more attractive, his loan contracts provide that in case of death, sickness, etc., he will forego his right to collect the debt—a distinct advantage to the borrower should he be unfortunate enough to be faced with any of the contingencies named in the contract. The ap-

pellant in good faith paid the appellee $48 in consideration of these advantages, and he enjoyed the benefit of these advantages during the life of the contract. The appellee accepted the $48 in equal good faith and stood ready and willing to perform his part of the contract should any of the contingencies named in the contract occur. The agreement was not a policy of insurance and was not prohibited by law. The services listed in the contract were bought, paid for, and received by the appellant. In our opinion, the trial court erred in that portion of its judgment which declared the $48 to be a charge for the illegal issuance of a policy of insurance.

We have carefully reviewed the record in the case. All of the appellant's points of error are overruled. The appellee's cross-assignment of error is sustained. That portion of the judgment which decreed the recovery of $48 by appellant is reversed and rendered in favor of the appellee; otherwise the judgment is affirmed.

On Motion for Rehearing.

PER CURIAM.

Appellant has filed a motion for rehearing and the District Attorney of Dallas County has filed a brief as amicus curiae in both of which it is urged that we erred in holding that the contract for the loan to appellant was not a contract of insurance. No complaint is made by appellant that the contract was usurious because it required him to pay the full 10% interest for a year upon a note that was payable in monthly installments. The contention is that appellee could not make a valid contract to waive collection of the debt in the event of the death of appellee, the maker, before the amount evidenced by the note had been repaid because it was, in effect, a contract of insurance and he was not authorized under the law to issue insurance policies. It is urged, therefore, that the $48 paid by appellant for the waiver of repayment of the loan in the event of death of the appellant before it was paid must be considered as interest and the contract was therefore usurious.

We adhere to our original holding that the contract was legally enforcible and that it was not a contract of insurance. In so far as this case is concerned, however, the question of whether it was one of insurance or merely a contract for the repayment of the loan is immaterial. Even if it should be considered as a contract of insurance, there is nothing in our statutes which declares that insurance written without legal authority to engage in the insurance business is void, and there is no law which prohibits any one from procuring or accepting insurance. It is true that, as a prerequisite to the right to engage in the insurance business or the right of foreign insurance companies to do business in this state, the statutes requiring charters and permits must be complied with, but those statutes are for the protection of the citizens of the state who may deal with such companies. It is also true that such companies and their agents are subject to penalties if the statutes are violated and it is generally held that they cannot enforce collection of premiums by suit; but when they have collected such premiums and delivered policies of insurance, those insured under them are entitled to recover on the policies in the event they incur the losses against which they are insured. Home Forum Ben. Order v. Jones, 20 Tex.Civ. App. 68, 48 S.W. 219; Hartford Fire Ins. Co. v. Galveston, H. & S. A. Ry. Co., Tex. Com.App., 239 S.W. 919.

This is not a suit by the appellee to recover the amount which appellant agreed to pay him as a premium for the alleged insurance. If it be called a premium for insurance, it had already been paid and, if appellant had died before the debt was paid, appellee could not have collected the balance remaining unpaid. The contract provided that, in such event, he would waive collection of the debt and, as consideration for waiving its collection, he had been paid by appellant the sum of $48. It is obvious, therefore, that he could not have been successful upon an asserted cause of action upon the contract if the contingency provided therein had happened.

We consider the contract merely as containing a waiver of collection of the debt in the event of the happening of the named contingencies. A waiver is the vol-

872

untary and intentional relinquishment of a known right. It is either supported by a consideration or the act relied upon as a waiver is such as to estop the party from insisting on the right claimed to have been relinquished. Weeks v. First State Bank, Tex.Civ.App., 207 S.W. 973; Victor Products Corp. v. Yates-American Mach. Co., 4 Cir., 54 F.2d 1062; Huntsville Elks Club v. Garrity-Hahn Bldg. Co., 176 Ala. 128, 57 So. 750; Schillinger Bros. Co. v. Bosch-Ryan Grain Co., Iowa, 116 N.W. 132.

The element of estoppel is not prevalent here but a valid consideration was paid for the waiver and it is equally as effectual as it would be if based upon an absolute condition of estoppel. The motion will be overruled.