**WARE v. HEATH et ux.**

No. 15232.

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 16, 1951.

Rehearing Denied March 16, 1951.

Ed C. Stearns, of Dallas, for appellant.

Earl Luna, of Dallas, for appellees.

Frank Cain and A. W. Patterson, Jr., of Dallas, amicus curiae for and on behalf of appellees.

McDONALD, Chief Justice.

On April 13, 1948, appellees borrowed from appellant the sum of $200, and executed a note payable to appellant in the principal sum of $260, bearing interest after maturity. Contemporaneously therewith, the parties signed what was styled "Application and Contract for Loan of $260.00." In substance the borrower agreed that $60 of the amount of the note was to cover actual and necessary expenses incurred by the lender in connection with the making of the loan, and interest at ten per cent, and the lender agreed that in event of borrower's death the note should be cancelled, or in event of sickness or accident, payments should be cancelled while borrower was totally disabled and unable to work after a period of seven days.

Appellees paid the sum of $109.18 on the note. On October 6, 1948, appellees borrowed an additional $100, and executed a note in the principal sum of $281.82, covering the claimed balance on the first note, and the $100 additional loan. In connection with the second note another so-called application for loan was signed, which set out a charge of $30 to cover interest, and charges, and the agreement to cancel indebtedness in event of death or sickness, similar to that above described.

Appellant brought suit on the second note, alleging an unpaid balance of $77.09, plus interest and attorney's fee, and sought foreclosure of a chattel mortgage on certain personal property. By way of defense, appellees alleged that the loan was a usurious transaction, and in the alternative that the agreement by appellant to forego collection of his debt, or installments thereon, in the event of disability due to sickness or accident, was insurance, that appellant was not authorized to write policies of insurance, that the purported insurance was invalid, and that appellant had no right to collect the charge made therefor. The trial court, without a jury, found that the loan was not usurious, but found that the agreement to forego collection of the debt as aforesaid was insurance, and that appellant was not entitled to recover the charge made therefor. In rendering judgment, the court allowed appellant a

recovery of interest at ten per cent per annum, a small service charge, and attorney's fee, but disallowed any recovery of the remainder of the aggregate amount of $90 referred to in the two applications for loans.

Appellant refers to the applications as "waiver contracts," contending that they constituted an agreement on the part of appellant to waive collection of the loan, or installments thereon, upon the happening of events specified in the waiver contracts, and that they were not in their nature contracts of insurance.

The following is taken from 29 Am.Jur., Insurance, § 9, page 53: "9. Cancelation of Debt in Case of Death or Other Extrinsic Event.—In several cases, it has been held that a contract providing that the obligation thereof should be canceled in case of death or other extrinsic event was a contract of insurance. For instance, it has been ruled that an undertaking on the part of one selling merchandise on the instalment plan to cancel the debt in case the buyer dies before its satisfaction is insurance within the meaning of a statute prohibiting the making of insurance contracts except by the companies and in the manner authorized by law. Upon a like principle, a loan contract by which the borrower is to make periodical payments for a term of years, but such payment to cease if he should die within the term, has been held to be a contract of life insurance."

We have found no Texas case directly in point on the question discussed in the foregoing quotation, but in the annotations in 35 A.L.R. 1039 and 100 A.L.R. 1454, will be found citations of a number of cases holding that such contracts are contracts of insurance.

■ The following statements, taken from the opinion in National Auto Service Corporation v. State, Tex.Civ.App., 55 S.W.2d 209, writ dismissed, support us in the belief that the contracts before us are contracts of insurance:

"Couch's Cyc. of Insurance Law, Vol. 1, p. 2, defines such contract as 'an undertaking by one party to protect the other party from loss arising from named risks, for the consideration and upon the terms and under the conditions recited.' * * * Whether or not a contract is one of insurance is to be determined by its purpose, effect, contents, and import, and not necessarily by the terminology used, and even though it contain declarations to the contrary. * * * Nor is it essential that loss, damage, or expense indemnified against necessarily be paid to the contractee. It may constitute insurance if it be for his benefit and a contract on which he, in case of a breach thereof, may assert a cause of action."

■ The benefits to the borrower in the case before us, in event of death or disability, would be no different in substance from what they would be if the agreement were to pay actual amounts of cash upon the contingencies named. Also, it would seem elemental that if the lender should transfer the note to a holder in due course, the borrower would be entitled to recover from the lender any amounts the borrower might have to pay while disabled, after the seven day waiting period, or his estate could recover the unpaid balance on the note which the estate might have to pay to the purchaser of the note in event of death of the borrower.

Appellant contends that all questions in the present case are settled in his favor by the decision of the Amarillo Court of Civil Appeals in Denton v. Ware, Tex.Civ. App., 228 S.W.2d 867. The only question necessary to be decided in that case was whether or not the loan transaction was usurious, a question which is not before us, since neither of the parties has raised it on this appeal. The court in the cited case was not called on to decide whether or not the so-called waiver contract was a contract of insurance, and one in violation of our laws regulating the issuance of insurance contracts. Furthermore, the respective situations of the borrower and lender are not the same here as in that case. In Denton v. Ware the borrower was undertaking to recover sums he had paid to the lender. In the present case the lender is undertaking, in effect, to recover an alleged balance of an indebtedness which includes the amounts charged for the agreement to waive collection of payments in the event of sickness or death of the bor-

rower. We hold that the contracts were contracts of insurance; and that the lender had no right to collect the amounts charged therefor. It follows that the judgment of the trial court will be affirmed.

Judgment affirmed.