CONTINENTAL AUTO CLUB, INC., *v.* COMMISSIONER
OF INSURANCE.

1. INSURANCE—AUTOMOBILES—INDEMNITY.
   The word "insurance," as used in the insurance code, embraces indemnity against expense resulting from the ownership, maintenance or use of an automobile, hence, a corporation engaged in such business is required to comply with the requirements of the insurance code in order to do business in this State ;(CL 1948, § 501.1 *et seq.*).

2. COSTS—PUBLIC QUESTION—INDEMNITY INSURANCE.
   No costs are allowed in suit for declaratory decree as to whether plaintiff corporation was subject to insurance code, a public question being involved (CL 1948, § 501.1 *et seq.*).

Appeal from Ingham; Salmon (Marvin, J.), J. Submitted June 2, 1953. (Docket No. 16, Calendar No. 45,800.) Decided October 5, 1953.

Bill by Continental Auto Club, Inc., a Michigan corporation, against Joseph A. Navarre, Commissioner of Insurance for the State of Michigan, to restrain interference with plaintiff's business. Decree for defendant. Plaintiff appeals. Affirmed.

*Ballard, Jennings, Fraser & Parsons,* for plaintiff.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Maurice M. Moule,* Assistant Attorney General, for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur, Insurance §§ 22, 24.
[2] 14 Am Jur, Costs § 91.

Reid, J. Plaintiff is a Michigan corporation for profit whose "members" pay annual dues. Plaintiff filed the bill for a declaratory decree that it may continue in furnishing certain indemnities to its members in consideration of the annual dues, and without plaintiff's conforming with the insurance code of the State. Plaintiff prays that defendant State commissioner of insurance be restricted from taking any action interfering with operations of plaintiff's business. Plaintiff appeals from the decree of the trial court denying plaintiff's prayer.

The form of the "policy" or agreement of plaintiff with the members includes, among other things, the following benefits:

"$5,000 bail bond for manslaughter and traffic violation * * *

"Attorney Services

"Members are empowered to use attorney services on credit of CAC. Attorneys paid direct—per schedule—(Members are not eligible for services if charges involve liquor in any way).

"(1) Attorney services for: General legal advice on matters pertaining to the use and operation of members car up to $10.

"(2) For defense when charged with a violation of the motor vehicle laws up to $20.

"(3) For representation before the State motor vehicle dept. involving suspension or revocation of members license up to $20.

"(4) For representation before coroner's inquest, up to $20.

"(5) For defense in suits involving damages to prop-matters pertaining to the use and operation of mem-Automobile up to $50.

"(6) For defense of manslaughter charges up to $100 amounts listed apply to trials. * * *

"Bail Bond Service to $5,000.

"This service not available if charges involve liquor.

"(1) CAC assures members of their freedoms.

"(2) Club will arrange for bail through bondsmen the nation over."

Plaintiff to take itself out from under the State insurance code relies upon its claim that there is no contract between the member and the plaintiff company to furnish attorney services but a contract for contingent services.

Plaintiff further claims there is some uncertainty in such a contract arising from the fact that the amount of services to be rendered over a given period in consideration of a fixed payment is uncertain and dependent upon future events and that such characteristic causes that such a contract for such services is not a contract of insurance. Plaintiff further claims as to bail bonds that the member may obtain bail bond from individual bondsmen, not corporate sureties, for traffic violations resulting in arrest, that the club puts the member in touch with such a bondsman and the bond is furnished on the credit of the club.

The plaintiff has no certificate of authority to engage in the business of insurance.

The Michigan insurance code* contains no general definition of the word insurance; however, in part 5, chap 3 of the code, entitled "general mutual law," there is the following, in section 3, subd. 4:

"4. Automobile *insurance.* Against loss, expense and liability resulting from the ownership, maintenance and use of any automobile or other vehicle." CL 1948, § 543.3, subd. 4. (Stat Ann 1943 Rev § 24.530). (Italics supplied.)

While plaintiff is not a mutual company, still it is evident that the benefits to its "members," as above recited, embrace indemnity against expense result-

---

* See CL 1948, § 501.1 *et seq.* (Stat Ann 1943 Rev and Stat Ann 1951 Cum Supp § 24.1 *et seq.*).—Reporter.

ing from the ownership, maintenance or use of an automobile and are to that extent within the meaning of the word insurance as used in the above quoted excerpt from the insurance code. It can be considered that the use of the word insurance in the quoted excerpt illustrates to that extent and in part at least, what the legislature had in mind in using the word insurance elsewhere in the insurance code.

In view of the use of the word insurance in general in the insurance code, and as the word is generally used in cases that deal with the subject of insurance, we are of the opinion that by engaging in the business of furnishing its members under its contract the benefits hereinbefore recited, the plaintiff corporation was and is in fact engaging in the business of insurance.

The plaintiff having failed to comply with the requirements of the insurance code, it is not entitled to engage in insurance business and the trial judge therefore properly denied to the plaintiff relief against threatened proceedings by the defendant commissioner of insurance on account of its said activities, while failing to comply with the insurance code of the State.

The decree appealed from is affirmed. No costs, a question of public importance being involved.

Dethmers, C. J., and Adams, Butzel, Carr, Bushnell, and Sharpe, JJ., concurred.

Boyles, J., did not sit.