

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 18, 1957

Hon. John Osorio, Chairman
Board of Insurance Commissioners
International Life Building
Austin, Texas

Opinion No. WW-63

Re: Whether the contract of
Union Automobile Club and
others similar thereto
constitute contracts of
insurance so that the is-
suance and sale thereof
would violate the Texas
Insurance laws.

Dear Sir:

      You have requested an opinion as to whether the contracts
attached to your opinion request of January 29, 1957, and similar
contracts, constitute contracts of insurance so that the issuance
and sale thereof would violate the Texas insurance laws.

      You have enclosed with your opinion request numerous con-
tracts and related membership documents issued by Metropolitan Auto-
mobile Club, Inc. (MAC); Accidental International Automobile Asso-
ciation of Texas, Inc. (AIAA); The Union Automobile Club (Union);
and Motor Aid Automobile Association Club (Motor Aid). This opinion
is based solely upon the documents submitted. We expressly decline
to rule upon documents which have not been submitted for examination.

      Some of the benefits provided may be summarized in the
following manner:

| MAC Membership Certificate | Union Membership Certificate | Motor Aid Membership Certificate |
|---|---|---|
| 1. Emergency road serv-ice costs paid:<br>(a) Start car if stalled;<br>(b) Tire change in case of flat;<br>(c) Emergency deliv-ery of gasoline, oil, battery or rental battery;<br>(d) Towing and wrecker service;<br>(e) Key service to unlock doors and ignition;<br>(f) Reimbursement when services rendered where MAC service not available. | 1. Emergency road service upon occur-rence of any type of mechanical trouble of emergency nature which prevents mem-ber's automobile from operating.<br>2. Towing service where automobile fails to operate as a result of mechanical failure or breakdown.<br>3. Tire change serv-ice where member has spare. | 5. Towing service.<br><br>11. Emer-gency road service. |

The questions raised in your opinion request were disposed of by National Auto Service Corporation v. State, 55 S.W.2d 209 (Tex.Civ.App. 1932), and are discussed at length in Attorney General's Opinion O-4620, both of which state the existing law as to whether the documents in question are insurance contracts. The benefits enumerated above are similar to the contract benefits discussed in National Auto Service Corporation v. State, supra, and similar to benefits Nos. 2, 3, 4, 5 and 6 discussed on page 2 of Attorney General's Opinion O-4620. The AIAA benefit schedule provides benefits for indemnity for personal injury that are obviously insurance.

The file does not indicate whether these companies have a valid certificate of authority or have charter powers which include the writing of insurance. Assuming that none of them have so qualified, the issuance of such memberships and the sale thereof would be contrary to Texas insurance laws.

## SUMMARY

Based upon the facts and contracts submitted, the issuance and sale of memberships in Metropolitan Automobile Club of Texas, Inc., Accidental International Automobile Association of Texas, Inc., The Union Automobile Club, and Motor Aid Automobile Association Club, constitute the writing of insurance and are prohibited by law.

Very truly yours,

WILL WILSON
Attorney General

By Wallace P. Finfrock
Assistant

WPF:lm

APPROVED:

OPINION COMMITTEE
H. Grady Chandler, Chairman