### TEXAS ASSOCIATION OF QUALIFIED DRIVERS, INC., Appellant,

### v.

### The STATE of Texas, Appellee.

### No. 10996.

Court of Civil Appeals of Texas.

Austin.

Oct. 17, 1962.

Joseph R. Darnall, Jr., Austin, for appellant.

Will Wilson, Atty. Gen., Bob E. Shannon, Asst. Atty. Gen., Austin, for appellee.

RICHARDS, Justice.

The State of Texas, appellee, instituted quo warranto proceedings against Texas Association of Qualified Drivers, Inc., appellant, seeking the forfeiture of its charter and a permanent injunction restraining it from engaging in the business of writing general casualty insurance under the provisions of Chapter 8, Texas Insurance Code, Vernon's Civil Statutes, without having been authorized to transact such business by the State Board of Insurance. The charter of the corporation contained no purpose clause authorizing it to engage in the insurance business in any manner or form.

Upon trial before the Court without the intervention of a jury, the facts being stipulated, the Trial Court held that the activity of the corporation in providing reimbursement of attorneys' fees incurred for defense of moving traffic violation charges

against persons subscribing to the services of the corporation constituted the writing of general casualty insurance as defined in Chapter 8, Texas Insurance Code, V.C.S., and rendered judgment for the State of Texas as prayed for from which this appeal has been perfected.

For its sole point of error appellant contends that the Trial Court should not have held as a matter of law that it was engaged in the business of writing general casualty insurance as defined in Chapter 8, Texas Insurance Code, since its activity in providing reimbursement of attorneys' fees for defense of moving traffic violation charges against its subscribers does not constitute the writing of insurance as defined in the statute.

Appellant is a corporation organized under the Texas Business Corporation Act as an association of automobile drivers and solicits and sells memberships in the association. Among the benefits received by such members is reimbursement for attorneys' fees incurred by them when involved in a moving traffic violation as follows:

"1) Up to $10 for counsel when the case is not contested;

"2) Up to $50 per day for services in a justice court or traffic court;

"3) Up to $75 per day for services in a County Court or County Court-at-Law;

"4) Up to $150 per day for services in a District Court;

"5) Up to $250 per day for services in the Texas Court of Criminal Appeals;

"6) Whenever a member shall plead not guilty in a justice, corporation, or traffic court, appeals to the County Court or County Court-at-Law, and the case is dismissed on motion of the County Attorney, the association shall, for such procedure, reimburse mem-

ber for attorneys' fees not to exceed $25.00."

The provisions for reimbursement do not include court costs, fines, costs of appeal, bonds and other expenses other than attorneys' fees and the Association does not reimburse its members for attorneys' fees in the defense of any charge involving the member's use of alcohol or narcotics, leaving the scene of an accident, or failure to stop and render aid.

The sole question for decision is whether the reimbursement to members for attorneys' fees incurred by them as above set forth constitutes insurance. If so, since appellant admittedly has not been authorized by the State Board of Insurance to engage in the writing of insurance as provided in Art. 1.14, Texas Insurance Code, it has been violating the insurance laws of the State of Texas.

Chapter 8, Texas Insurance Code, provides for the incorporation of general casualty insurance companies. Section 12, Art. 8.01, authorizes the incorporation of such companies "To insure against any other casualty or insurance risk specified in the articles of incorporation which may be lawfully made the subject of insurance, and the formation of a corporation for issuing against which is not otherwise provided by this article, excepting fire and life insurance." The Trial Court held that the reimbursement for attorneys' fees paid by the association to its members constituted a general form of casualty insurance within the provisions of Art. 8.01.

There is no statutory general definition of the word "insurance" in Texas.[1] However, insurance has been defined by the Appellate Courts of Texas as "'An undertaking by one party to protect the other party from loss arising from named risks, for the consideration and upon the terms and under the conditions recited.' * * * Whether or not a contract is one of insurance is to be determined by its purpose,

1. The types of insurance which may be written by life, accident and health com- panies are defined in Art. 3.01, Texas Insurance Code.

effect, contents, and import, and not necessarily by the terminology used, and even though it contain declarations to the contrary." National Auto Service Corporation v. State, Tex.Civ.App., 55 S.W.2d 209, 211, err. dism. It has also been defined as "a contract by which one party for a consideration assumes particular risks of the other party and promises to pay him or someone named by him a certain or ascertainable sum of money on a specified contingency." Denton v. Ware, Tex.Civ.App., 228 S.W.2d 867, 870, no writ history.

Here the purpose of the contract made by appellant with its members for a stated consideration was to indemnify or reimburse the holder of a membership certificate for payments incurred by the member for attorneys' fees in the defense of a moving traffic violation in which the member was involved under certain conditions and within the limitations set forth in the certificate. Under the above definitions of insurance it is clear that the contract between appellant and its members constitutes an insurance contract.

Whether reimbursement for attorneys' fees constitutes insurance does not seem to have been passed upon directly by the appellate courts of Texas. The Supreme Court of Michigan in Continental Auto Club, Inc. v. Navarre, 337 Mich. 434, 60 N.W.2d 180, has construed a contract of an automobile club which furnished reimbursement for attorneys' fees to its members under a provision somewhat similar to the one here involved. The Michigan Insurance Code, like the Texas Insurance Code, contained no general definition of insurance. However, there was a definition of the term "automobile insurance" which stated that such insurance covered "against any loss, expense, and liability resulting from the ownership, maintenance or use of any automobile or other vehicle." Comp. Laws 1948, § 543.3. The Court held that:

"In view of the use of the word insurance in general in the insurance code, and as the word is generally used in cases that deal with the subject of insurance, we are of the opinion that by engaging in the business of furnishing its members under its contract the benefits hereinbefore recited, the plaintiff corporation was and is in fact engaging in the business of insurance."

Appellants' point of error is overruled and the judgment of the Trial Court is in all things affirmed.

Affirmed.