

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

July 25, 1997

The Honorable Antonio O. Garza, Jr.
Secretary of State
Office of the Secretary of State of Texas
P.O. Box 12697
Austin, Texas 78711-2697

Commissioner Elton Bomer
Texas Department of Insurance
P.O. Box 149104
Austin, Texas 78714-9104

Opinion No. DM-445

Re: Whether the Automobile Club Services Act, Transportation Code chapter 722, authorizes automobile clubs to contract to reimburse members for expenses incurred in obtaining services (RQ-917)

Dear Secretary Garza and Commissioner Bomer:

You ask whether the Automobile Club Services Act, Transportation Code chapter 722 (the "act"), authorizes automobile clubs to contract to reimburse members for expenses they incur obtaining services an automobile club is authorized to provide under the act. You suggest that the act does not authorize an automobile club to contract to reimburse members for expenses other than legal fees incurred in the defense of traffic offenses. You also suggest that a contract to reimburse a member for expenses incurred obtaining a service constitutes the business of insurance rather than the provision of a service, and that the act, with the exception of reimbursement of legal fees, does not authorize automobile clubs to engage in the business of insurance. We agree.

Section 722.002 of the Transportation Code defines an "automobile club" as follows:

[A] person who, for consideration, promises the membership assistance in matters relating to travel, and to the operation, use, or maintenance of a motor vehicle, by supplying services such as services related to:

    (A)   community traffic safety;

    (B)   travel and touring;

    (C)   theft prevention or rewards;

    (D)   maps;

    (E)   towing;

(F)    emergency road assistance;

(G)    bail bonds and legal fee reimbursement in the defense of traffic offenses; and

(H)    purchase of accidental injury and death benefits insurance coverage from an authorized insurance company.

Transp. Code § 722.002(2).

A person may not engage in business as an automobile club unless the person meets the requirements of chapter 722 and obtains an automobile club certificate of authority from the secretary of state. *Id.* § 722.003. An automobile club is required to file a copy of its service contract with the secretary of state. *Id.* § 722.010(a). Section 722.008 authorizes the secretary of state to revoke or suspend an automobile club's certificate of authority if the secretary determines that the club has, among other things, violated chapter 722 or is not acting as an automobile club. *Id.* § 722.008(a)(1)(A), (B).

Chapter 722 contains two provisions regarding insurance. Section 722.012 prohibits an automobile club from advertising or describing "its services in a manner that would lead the public to believe that the services include automobile insurance." *Id.* § 722.012(2). Section 722.013 provides that an automobile club "is exempt from the insurance laws of this state, except that accidental injury and death benefits furnished to club members must be covered by a group policy issued to the club for the benefit of its members." *Id.* § 722.013(a).

You ask whether the phrase "supplying services" found in the definition of "automobile club" includes reimbursement for any service identified in the definition, other than legal fee reimbursement, which is expressly listed as a service in section 772.002(2)(G) and is clearly within the authority of an automobile club. Your letter states that "[r]egulatory questions have arisen when an applicant [for an automobile club certificate of authority] proposes to provide reimbursement for an enumerated service for which reimbursement has not been expressly authorized." You state that the Department of Insurance "has historically viewed contracts providing for the indemnification or reimbursement against specified loss upon the happening of certain, fortuitous events as constituting the business of insurance within the meaning of [Insurance Code article 1.14-1]."

The letter provides towing as an example: "Rather than provide the service or contract with others to do so, the applicant [for an automobile club certificate of authority] offers to reimburse or indemnify a member, up to a fixed amount, for expenses incurred by the member who has independently arranged for his or her own towing with a third party contractor." The Department of Insurance has promulgated forms and rates for towing reimbursement as a rider to the Texas Personal Auto Policy. Your letter states that while the current rate approved by the Department of Insurance "for towing reimbursement is $2.00 per automobile for a $40 limit per disablement [s]ome auto clubs typically charge sums between 20 and 100 times greater than the approved rate."

Your letter suggests that a contract to reimburse members for expenses or to indemnify members for expenses incurred obtaining services other than legal fees exceeds the statutory authority of an automobile club. We agree. Chapter 722 was codified by the legislature in 1995.[1] The statutory predecessor to chapter 722, now-repealed article 1528d, V.T.C.S.,[2] defined "automobile club" in section 2(a) as follows:

> [A]ny person who in consideration of dues, assessments, or periodic payments of money, promises its members or subscribers to assist them in matters relating to travel and the operation, use or maintenance of a motor vehicle in the supplying of services which by way of illustration and not by way of limitation may include such services as community traffic safety *service*, travel and touring *service*, theft or reward *service*, map *service*, towing *service*, emergency road *service*, bail bond *service* and legal fee reimbursement *service* in the defense of traffic offenses, and the purchase of accidental injury and death benefits insurance coverage from a duly authorized insurance company. [Emphasis added.]

Act of May 15, 1963, 58th Leg., R.S., ch. 250, § 2(a), 1963 Tex. Gen. Laws 678, 678.[3] The codification of chapter 722 in the Transportation Code was part of a nonsubstantive revision,[4] and any construction of chapter 722 must be consistent with the former statute. *See Johnson v. City of Fort Worth*, 774 S.W.2d 653, 654-55 (Tex. 1989) (stating that, when conflict exists between former statute and nonsubstantive revision, former statute controls); Attorney General Opinion JM-1230 (1990) at 8 (quoting *Johnson*, 774 S.W.2d at 654-55).

The repeated use of the word *service* in former section 2(a) indicates that the legislature intended automobile clubs to provide services directly, not to contract to reimburse members for expenses incurred in obtaining these services. In addition, the description of reimbursement for legal fees as a service is notable. We believe that the fact that the legislature described legal fee reimbursement as a service supports our view that the legislature did not intend generally to permit automobile clubs to contract to reimburse to members for expenses incurred in obtaining any other services.

It appears that the legislature decided to permit automobile clubs to reimburse members for legal fees in response to a specific legal ruling. In 1962, some months before article 1528d was

---

[1] *See* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 1, 1995 Tex. Gen. Laws 1025, 1814, 1817.

[2] *See* Act of May 15, 1963, 58th Leg., R.S., ch. 250, § 2(a), 1963 Tex. Gen. Laws 678, 678, *repealed by* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 24, 1995 Tex. Gen. Laws 1025, 1870.

[3] *See also* note 5 *infra*.

[4] *See* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 25, 1995 Tex. Gen. Laws 1025, 1871 ("This Act is intended as a recodification only, and no substantive change in law is intended by this Act.").

enacted, an appellate court had determined that an incorporated association that agreed to reimburse members for attorneys fees incurred in the defense of a moving traffic violation was engaged in the business of insurance. *See Texas Ass'n of Qualified Drivers, Inc. v. State*, 361 S.W.2d 580 (Tex. Civ. App.--Austin 1962, no writ). The legislature appears to have intended to change the result of this opinion by defining reimbursement of legal fees in this context as a service. Given the court's holding and the legislature's subsequent action, the legislature appears to have been well aware that an agreement to reimburse members for expenses incurred obtaining other services would also constitute the business of insurance. The legislature did not act, however, to expressly authorize automobile clubs to contract to reimburse members for expenses other than legal fees. For this reason, we believe that the statutory definition of the phrase "automobile club" indicates legislative intent to preclude automobile clubs from agreeing to reimburse members for expenses incurred in obtaining other services.

The two provisions of chapter 722 regarding insurance, sections 722.012(2) and 722.013(a), are consistent with our construction of section 722.002 to preclude an automobile club from agreeing to reimburse its members for expenses incurred obtaining services other than legal fees. The relationship between these two provisions is more apparent from the original statutory language, section 8 of former article 1528d, which provided in pertinent part:

> (a) Automobile Clubs operating hereunder [shall not] advertise or describe their services in such a manner as would lead the public to believe such services include automobile insurance.

> (b) All Automobile Clubs operating pursuant to a certificate of authority issued hereunder shall be exempt from the operation of all insurance laws of this State, except that accidental injury and death benefits furnished members of such Automobile Clubs shall be covered under a group policy issued to the Automobile Club for the benefit of its members and such policy shall be issued by a company licensed to write such insurance in this State.

Act of May 15, 1963, 58th Leg., R.S., ch. 250, § 8, 1963 Tex Gen. Laws 678, 680. Former subsection (a) suggests that, with the exception of reimbursement for legal fees, the legislature did not intend for automobile clubs to provide insurance. The exemption from insurance laws in former subsection (b) appears to have been predicated on former subsection (a) and to have assumed that automobile clubs would not engage in the insurance business.

This construction of the relevant statutory language is supported by the legislative history of former article 1528d. The legislation at issue, House Bill 172, as introduced, contained definitions of various services. These definitions appear to have been intended to authorize "motor

clubs" to provide a broad array of services. The definition of the term "motor club service" may have been intended to expressly authorize a motor club to reimburse its members for services:

> "Motor club service" means the rendering, furnishing or procuring of towing service, emergency road service, bail bond service, discount service, buying and selling service, theft service, map service, touring service, license service and reimbursement of legal service, as herein defined, to any person, in connection with the ownership, operation, use or maintenance of a motor vehicle by such person, in consideration of such other person being or becoming a member of any company *rendering, procuring, furnishing, or reimbursing the same,* or being or becoming in any manner affiliated therewith, or being or becoming entitled to receive membership or other motor club service therefrom by virtue of any agreement or understanding with any such company.

*See* H.B. 172, 58th Leg., R.S. (1963) (filed version; emphasis added). In addition, House Bill 172, as introduced, defined the term "insurance service" to mean "any act by a company . . . selling or giving . . . a policy of accident insurance covering loss by the holder of a service contract . . . as the result of injury or death . . . following an accident resulting from the ownership, maintenance, operation or use of a motor vehicle." *Id.* We believe the fact that the legislature deleted these provisions from subsequent versions of House Bill 172 supports the position that the legislature did not intend to permit an automobile club to reimburse members for services, other than legal services, or to engage in the business of insurance. *See Transportation Ins. Co. v. Maksyn,* 580 S.W.2d 334, 337-38 (Tex. 1979) ("The deletion of a provision in a pending bill discloses the legislative intent to reject the proposal. . . . Courts should be slow to put back that which the legislature has rejected."); 2A NORMAN J. SINGER, SUTHERLAND STATUTORY CONSTRUCTION § 48.18 (5th ed. 1992) (adoption of amendment is evidence that legislature intends to change provisions of original bill).

Our construction of chapter 722 is further supported by a prior opinion of this office, Attorney General Opinion M-994, which considered whether the secretary of state should issue a certificate of authority to an automobile club that agreed to collect and hold membership fees that would be available to the member to draw on "to reimburse an insurance carrier the amount of any deductible it pays out in settlement of claims under a policy of deductible automobile insurance, and

to pay the increased cost of insurance when a policy must be obtained at higher than normal rates." Attorney General Opinion M-994 (1971) at 1.[5] In the view of this office, by offering this service the association was engaging in the insurance business:

> An insurance contract arises when, for a stipulated consideration, whether called a premium or a fee or something else, one party undertakes to compensate another party for loss on a specified subject by a specified peril or contingency . . . . When the association, in consideration of a membership fee, obligates itself to honor the member's draft for the amount of the deductible, which otherwise would be lost by the member, in the event of a collision, the association is engaging in the insurance business.

*Id.* at 3. This office concluded that this membership provision, if approved by the state, "would authorize the association to do business as an insurance carrier without a certificate of authority, in violation of Article 1.14 of the Texas Insurance Code, and that the club is not authorized by Article 1528d to engage in the insurance business." *Id.*

The conclusion in Attorney General Opinion M-994 that an automobile club is not authorized to engage in the insurance business has stood unquestioned since 1971. We believe that a Texas court would hold that Attorney General Opinion M-994 correctly concluded that an automobile club is not authorized to engage in the business of insurance. We also believe that a court would determine that an agreement by an automobile club to reimburse its members for costs incurred obtaining automobile-related services constitutes the business of insurance. *See Qualified Drivers*, 361 S.W.2d at 581-82 (defining "insurance" as contract by which one party for consideration assumes particular risks of other party and promises to pay him or someone named by him a certain sum on a specified contingency).

In sum, we construe chapter 722 to authorize an automobile club to contract to reimburse members for legal fees incurred in the defense of traffic offenses and to preclude an automobile club from agreeing to reimburse its members for expenses incurred obtaining any other service. An agreement to reimburse members for expenses incurred obtaining any other service exceeds the statutory authority of an automobile club under chapter 722 and constitutes the business of insurance. Given the language of chapter 722 and its statutory predecessor, the legislative history, and the 1971 opinion of this office, we can reach no other conclusion.[6] If the legislature wishes to

---

[5]After former article 1528d was enacted in 1963, it was only amended twice, in 1983 and 1987, before it was codified in the Transportation Code in 1995. *See* Act of April 21, 1983, 68th Leg., R.S., ch. 69, § 12, 1983 Tex. Gen. Laws 310, 318; Act of May 23, 1987, 70th Leg., R.S., ch. 1007, §§ 11, 12, 1987 Tex. Gen. Laws 3404, 3408. Those amendments increased the amount of certain fees set by the act. They are not relevant to this opinion and do not affect the continued validity of Attorney General Opinion M-994.

[6]Given our conclusion that an automobile club is not authorized to agree to reimburse members for expenses incurred obtaining any service other than legal services, we do not believe it is necessary to address your second

(continued...)

amend chapter 722 to authorize automobile clubs to contract to reimburse members for expenses incurred obtaining other services and to exempt such contractual terms from regulation by the Department of Insurance, however, it is within the legislature's power to do so.

### S U M M A R Y

Chapter 722 of the Transportation Code authorizes an automobile club to contract to reimburse members for legal fees incurred in the defense of traffic offenses. An agreement to reimburse a member for expenses incurred obtaining any other service exceeds the statutory authority of an automobile club under chapter 722 and constitutes the business of insurance.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General

---

[6](...continued)
question about the authority of an automobile club to agree to reimburse members for services not listed in section 722.002(2). Our conclusion applies to both listed and unlisted services.